MINUTE ENTRY
WILKINSON, M. J.
NOVEMBER 14, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JONES | CIVIL ACTION |
| VERSUS | NO. 18-503 |
| LEON CANNIZZARO ET AL. | SECTION "H" (2) |

**HEARING AND ORDER ON MOTION**

APPEARANCES:   Erin Monju, Mark Cunningham, representing plaintiff; Raley Alford, Matthew Paul, Thomas Barbera, representing defendant

MOTION:   Plaintiff's Motion to Compel, Record Doc. No. 52

O R D E R E D:

  XXX  : GRANTED IN PART AND DENIED IN PART. I make two general determinations as an initial matter. First, I overrule defendant's objection to several of the subject discovery requests on grounds that his office's Brady obligation does not extend beyond the time of defendant's conviction. While the statement is correct insofar as it relates to a prosecutor's obligations in constitutional criminal procedure, the broader Rule 26(b) standard applies in this civil action and includes information that is relevant and proportional to plaintiff's claims. Much that has been requested by plaintiff as to which defendant has asserted this objection is both relevant and proportional to plaintiff's Monell claims and may yield evidence of other wrongs or acts that may be admissible at trial under Fed. R. Evid. 404(b)(2).

Second, except for the somewhat narrower time limitations imposed below, I find defendant's proportionality objections largely unavailing. Plaintiff's complaint is broad-ranging, and his claims involve events covering a period of decades, dating back to his arrest in 1992 until the dismissal of the subject criminal charges in 2017. Record Doc. No. 1 (Complaint) at pp. 3-5. The policies and procedures relevant to his Monell claims pre-date his arrest. Such policies, at least through the 2017 dismissal of the charges

MJSTAR: **0:20**

against him are relevant to plaintiff's claims that defendant's conduct was improper for decades following his conviction. Id. The amount in controversy arising from plaintiff's imprisonment for 23 years is large, defendant's access to relevant materials is superior to plaintiff's, the requested discovery is important to resolving the issues, and the issues at stake are important, both to the parties involved and as a public matter. No particularized unreasonable burden in responding to these discovery requests has been established by defendant. Under these circumstances, I cannot conclude that the burden or expense of the subject discovery outweighs its likely benefit.

The motion is granted as to Interrogatories Nos. 1, 2, 3 and 17, and all objections are overruled. Defendant's vague reference to unidentified documents produced in response to some of the requests for production and to the 2017 testimony of certain witnesses fails to comply with specificity and "sufficient detail" requirements of Fed. R. Civ. P. 33(d). Defendant must provide full and complete narrative answers to these interrogatories. Of course, if the honest answer to any interrogatory is that defendant has no responsive information, see, e.g., Response to Interrogatory No. 3, Record Doc. No. 52-15, at p. 4, that is an adequate answer.

The motion is granted in part and denied in part as to Interrogatories Nos. 11, 12, 13 and 15. Defendant's objection as to the unreasonably lengthy time period dating back to 1973 is sustained, so that the motion is denied insofar as it seeks responses to the full extent of the requests. The time period of these requests is hereby limited to 1989 (three years before plaintiff's arrest) to the present. All other objections are overruled, and the motion is granted in part in that information responsive to these interrogatories, within the time limitation established herein, must be provided, without objections, in narrative form without the insufficient Rule 33(d) reference contained in the current answer to Interrogatory No. 13.

The motion is denied insofar as it seeks an order requiring defendant to sign the interrogatory answers personally under oath. The complaint clearly alleges that defendant has been sued "in his official capacity only," as "head of the Orleans Parish District Attorney's Office ("OPDA"), a governmental agency located in Orleans Parish, Louisiana." Record Doc. No. 1, at p. 7. There is no suable entity known as the Orleans Parish District Attorney's Office. See Berge v. Parish of St. Tammany, 1997 WL 10243, at *8 (E.D. La. Jan. 8, 1997), aff'd in part, 187 F.3d 452 (5th Cir. 1999); cf. Steed v. Delohery, 1998 WL 440861, at *1 (S.D.N.Y. Aug. 4, 1998) (county district attorney's office is not a legal entitty capable of suing or being sued under New York law); Jacobs v. Port Neches Police Dep't, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (same under Texas law). Thus, for these purposes, defendant is a "governmental agency" under Fed. R. Civ. P. 33(b)(5) for which interrogatory answers may be signed under oath by "any . . . agent."

That kind of signature under penalty of perjury has been provided in this instance. Record Doc. No. 52-15, at p. 13.

The motion is granted in part and denied in part as to Requests for Production Nos. 3 and 7. The motion is granted in that all non-privileged materials responsive to these requests must be produced, together with new written responses, clearly stating, without objections, except as to attorney-client privilege or work product, that he has done so. The motion is denied as to responsive materials as to which defendant asserts attorney-client privilege and/or work product objections. As to all such withheld materials, however, defendant must supplement his privilege log required by Fed. R. Civ. P. 26(b)(5), if any such withheld documents are not on the current log.

The motion is granted in part and denied in part as to Requests for Production Nos. 17, 24, 25, 26 and 27. Defendant's objection that these requests are "not reasonably limited in time" is sustained, so that the motion is denied insofar as it seeks production to the full extent of the requests. The time period of these requests is hereby limited to 1989 (three years before plaintiff's arrest) to the present. All other objections are overruled, and the motion is granted in part in that all materials responsive to these requests, within the time limitation established herein, must be produced, together with new written responses, clearly stating, without objections, that defendant has done so.

The motion is granted as to Requests for Production Nos. 11; 18-23 and 30-33. All objections are overruled. Defendant must produce all materials responsive to these requests together with new written responses, without objections, clearly stating that he has done so. Of course, if defendant has no materials responsive to these requests in his possession, custody or control, a written response clearly saying so is sufficient.

The motion is denied as to Request for Production No. 13. All objections are sustained. No further response to this request is required.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE