UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT JONES, | : | CIVIL ACTION NO. 2:18-CV-0503-JTM-JCW |
| | : | |
| Plaintiff | : | SECTION H(2) |
| | : | |
| v. | : | JUDGE JANE TRICHE MILAZZO |
| | : | |
| LEON CANNIZZARO, JR., and | : | MAGISTRATE JOSEPH C. WILKINSON, JR. |
| ABC INSURANCE COMPANIES 1-10, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

      Certain documents, testimony, or other information to be disclosed or produced, or already disclosed or produced in this litigation, contain personal and confidential information which, if disclosed publicly, has the potential to cause annoyance, embarrassment, oppression, or undue burden. To preserve the confidentiality of such information pursuant to Federal Rule of Civil Procedure 26(c), it is hereby ORDERED as follows:

**I. Definitions**

1. "Confidential Information" shall refer to all materials designated as "Confidential" under this Order.

2. "Disclose" and "Disclosure" mean to show, divulge, reveal, produce, describe, transmit, or otherwise communicate, in whole or in part, by any means or medium.

3. "Document" is defined as the term is used in Federal Rule of Civil Procedure 34(a).

4. "Permitted Recipients" refers to any person entitled or permitted to review or receive Confidential Information, as described in paragraph 15 to this Order.

5. "Producing Party" means the party (including a non-party to this litigation) producing Confidential Information.

6. "Receiving Party" means the party receiving Confidential Information.

## II.  Scope of the Order

7. This Order shall govern all documents, information and materials produced in this action, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a Document, deposition, other testimony, discovery response or otherwise.

8. This Order shall govern the Disclosure of Confidential Information by any party or non-party to this litigation, including their respective attorneys, agents, experts, consultants, representatives, officers, and employees.  This Order is also binding on any party who obtains such Documents or information, including their respective attorneys, agents, experts, consultants, representatives, officers, and employees.

9. Except with the prior written consent of the Producing Party or upon prior order of the Court, Confidential Information shall not be Disclosed except in accordance with the terms, conditions and restrictions of this Order.

10. This Order is intended to apply only to Documents produced, or other discovery taken, during discovery in this action.  This Order shall not restrict any party's right or ability to Disclose (i) its own Confidential Information, (ii) Documents which it possessed before the commencement of discovery in this action, or (iii) Documents it acquires independently of discovery in this action, as it so chooses.

11. Nothing in this order shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any Document, testimony, or other evidence.

## III.  Designation of Confidential Information

12. A Producing Party may designate all or part of a Document as "Confidential," as described below.  Such designation may be made with respect to any Document, information, or material, regardless of the manner in which it is Disclosed, including but not limited to document requests, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, expert reports, and any copies, notes, abstracts, or summaries of the foregoing materials.

13. A party may designate as "Confidential" any Document or information, or any part thereof, when the party in good faith believes that such Document or information contains, reflects, or discloses any information that is confidential or prohibited from disclosure pursuant to statute or rule, or subject to the legally protected privacy rights of an individual (such as personal identifying information or medical records).

    a. A party shall so designate material as "Confidential" by stamping or labeling each page of a Document containing confidential information as "Confidential."  If the entire Document does not contain Confidential Information, only those pages which contain Confidential Information shall be so stamped or labeled.

    b. Information Disclosed at a deposition, including deposition exhibits, taken in connection with this litigation may be designated as Confidential Information by (a) designating testimony or exhibits as confidential on the record during the deposition, and/or (b) designating the portions of the transcript or exhibits as confidential in a letter to the court reporter and opposing counsel within 21 days of receipt of the transcript of a deposition. The court reporter will indicate the portions of the transcript designated as confidential and segregate them as appropriate. The court reporter shall clearly mark any transcript released prior to the expiration of the 21-day period as "Confidential – Subject to Further Confidentiality Review." Such transcripts will be treated as Confidential Information until the expiration of the 21-day period. Any portion of the transcript or exhibits not designated as confidential pursuant to this provision will not be treated as "Confidential," notwithstanding any prior designation.

    c. If a party inadvertently fails to designate any information as "Confidential," it may later so designate such information by notifying the Receiving Party in writing. The Receiving Party shall thereafter take reasonable steps to ensure that the information is treated in accordance with that designation.

    d. Confidential Information shall not include any information that is public knowledge, or subsequently becomes public knowledge, through no violation of this Order.

14. Any party may challenge a "Confidential" designation at any time. A party that disagrees with such a designation shall notify the Producing Party in writing, identifying the material at issue and specifying the basis for the objection. The Producing Party shall have ten days from receipt of such notice to respond in writing. If the objecting party is not satisfied with the Producing Party's response, it may move the Court to lift the confidentiality designation. The Producing Party shall bear the burden of proof to demonstrate the appropriateness of the confidentiality designation. Until the Court makes a final ruling, the confidentiality designation shall remain in effect.

### IV. Use of Confidential Information

15. Confidential Information, and any summary, description, analysis or report containing or reflecting such Confidential Information, shall not be Disclosed by the Receiving Party, except as allowed by this Order, in any manner or form to any person other than the following "Permitted Recipients":

    a. To the Court in this matter (subject to the provisions of paragraph 17), its secretaries and law clerks, and any court reporter transcribing any hearings or other proceedings in this action;

    b. To attorneys in a law firm appearing of record for a party in this action and working on this action, in-house attorneys employed by any party to this action and working on this action, and their employed secretaries, paralegals, legal assistants, clerks, staff, and contract paralegals or staff retained to work on this action;

    c. To the parties. Where such party is an entity, such Disclosure is limited to those persons actively engage in working on or assisting in the preparation, prosecution, and defense of this action;

    d. To any expert or consultant who is retained by the parties and their counsel of record in this action, and any employee of any such expert, provided that the person to whom Confidential Information is Disclosed has first executed an agreement in the form of Exhibit "A" hereto and has provided such executed agreement to the retaining counsel;

    e. To any person who may testify as a witness either at deposition, hearing, or other proceeding in this matter provided that the person to whom Confidential Information is Disclosed has first executed an agreement in the form of Exhibit "A" hereto and has provided such executed agreement to the retaining counsel. Such Disclosure shall be only to the extent necessary for the interviewing, preparation, or examination of the witness;

    f. Any federal or state officials to whom Disclosure is required by law, subject to Paragraph 18 of this Order; and

    g. To law enforcement officials pursuant to Paragraph 19 of this Order;

    h. Any other person authorized to receive such information by prior written consent of the Producing Party or order of this Court.

16. Permitted Recipients may only use Confidential Information for all lawful purposes relating to this matter, including without limitation: in connection with investigating the facts concerning the issues and potential issues in the case; conducting discovery; interviewing, preparing, and deposing witnesses and expert witnesses; filing and responding to motions; conferring with witnesses, expert witnesses, and consultants regarding the factual and legal issues; investigating, asserting, prosecuting additional claims and defenses against any party or parties to this action; and asserting the parties' respective claims and defenses in court filings and at hearings and trial in this matter.

17. No pleading or motion papers will be sealed. If Confidential Information must be filed (whether contained in source documents or in portions of a pleading or motion paper), it will be filed in an appendix to the pleading or motion paper that refers to it with an accompanying motion and order to seal in compliance with Local Civil Rule 5.6 as to the appendix only. In filing papers pursuant to this paragraph, the parties will not seek to file under seal any more of the papers than is reasonably necessary to protect Confidential Information from Disclosure.

18. Nothing in this Order shall prevent Disclosure of Confidential Information if such Disclosure is required by state or federal law. Before any such Disclosure is made, the party seeking to make such a Disclosure ("Disclosing Party") shall, to the extent legally

permissible, give notice in writing to the party who produced the Confidential Information, stating the names and addresses of the person(s) to whom the Disclosure will be made and the basis for the determination that Disclosure is required by law (the "Disclosure Notice"). Within five days of the Disclosure Notice, the parties shall confer in good faith as to the status of the subject Confidential Information.  If the parties are unable to agree as to the status of the subject Confidential Information, the party who produced the Confidential Information will have ten days to file a motion with the court to block Disclosure. Otherwise, the Disclosing Party may Disclose the Confidential Information.

19. Nothing in this order shall in any way limit or impair the right of the Orleans Parish District Attorney's Office to use or Disclose to any law enforcement agency Confidential Information regarding a potential violation of law, for legitimate law enforcement purposes or pursuant to a statutory or regulatory obligation, without notice to any party.

20. If another court, administrative agency, or any other person subpoenas or orders production of Confidential Information that a party has obtained through discovery in this case under the terms of this Order, such party shall immediately notify the Producing Party of the pendency of such subpoena or order.  To the extent legally permissible, the party shall not Disclose the Confidential Information unless: (a) the Producing Party consents in writing; (b) the Producing Party fails to seek relief from the subpoena or order within ten (10) days of receiving notice; or (c) notwithstanding the Producing Party's request for relief, Disclosure is ordered by a court or agency of competent jurisdiction.

## V.  Miscellaneous Provisions

21. Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent Disclosure of any Confidential Information except as such Disclosure is authorized by this Order.

22. Each party who obtains an executed copy of Exhibit A hereto from any person or entity to whom Confidential Information is or may be Disclosed shall be under an affirmative obligation to preserve and maintain such Exhibit A.

23. The parties agree that the United States District Court for the Eastern District of Louisiana has jurisdiction over all persons producing or receiving Documents for the purpose of enforcing this Order.

24. By written agreement of the parties, or upon motion and order of the Court, the terms of this order may be amended or modified.

25. This Order shall survive the termination of this action and shall continue in full force and effect until otherwise ordered by the Court.  The Court shall retain jurisdiction to enforce or modify this Order.

26. Following final termination of this matter by final, non-appealable judgment, fully-executed settlement agreement, or other final, non-appealable resolution, upon request to

      a Receiving Party, the Producing Party shall be entitled to the copies of Exhibit A executed by any person to whom the Producing Party's Confidential Information has been Disclosed.

27. Within sixty (60) days of the final termination of this matter by final, non-appealable judgment, fully-executed settlement agreement, or other final, non-appealable resolution, counsel for each party shall return or destroy said Confidential Information.

28. If a Producing Party believes an unauthorized Disclosure of its Confidential Information has occurred, the Producing Party may move the court for appropriate relief.

      It is hereby ORDERED that the foregoing protective order and attached Exhibit A is entered into and made a part of this record.

      THUS DONE AND SIGNED at _____, Louisiana, on this \_\_ day of _____, 2019.

_____
MAGISTRATE JUDGE

## EXHIBIT A

**Agreement Concerning Confidential Information Covered By The Protective Order**

1. I, _____ , have read the foregoing Protective Order entered in an action entitled Robert Jones v. Leon Cannizzaro, et al., No. 18-cv-0503, Eastern District of Louisiana ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, information, or materials that are furnished to me as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Protective Order any documents, tangible things, information or materials constituting Confidential Information within the scope of the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for Eastern District of Louisiana, solely for purposes of enforcing the terms of this Protective Order.

4. I hereby agree that any Confidential Information within the scope of the Protective Order furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will either be returned to the person who furnished such documents, tangible things, information or materials to me, or be destroyed.

Date: _____

Signature: _____

Printed Name: _____