UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT JONES, | : | CIVIL ACTION NO. 2:18-CV-0503-JTM-JCW |
| | : | |
| Plaintiff | : | SECTION H(2) |
| | : | |
| v. | : | JUDGE JANE TRICHE MILAZZO |
| | : | |
| LEON CANNIZZARO, JR., and | : | MAGISTRATE JOSEPH C. WILKINSON, JR. |
| ABC INSURANCE COMPANIES 1-10, | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*
TO (1) PRECLUDE RELITIGATION OF OPDA *BRADY* VIOLATIONS RECOGNIZED
IN FEDERAL COURT RULINGS AND (2) ADMIT COURT RULINGS
<u>RECOGNIZING OPDA *BRADY* VIOLATIONS</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT ........................................................................................................................ 3

    I.      Federal Court Rulings Recognizing *Brady* Violations by OPDA Are Preclusive In This Action ............................................................................... 4

    II.     Court Rulings Recognizing *Brady* Violations by OPDA Are Admissible In This Action ......................................................................................................... 8

          A.    The Court Rulings Are Admissible As Public Records Under Rule 803(8) ........................................................................................................ 8

          B.    The Court Rulings Are Admissible Under Rule 807's Residual Exception ................................................................................................. 10

          C.    Many Of The Court Rulings Are Also Admissible As Ancient Documents Under Rule 803(16) ............................................................. 15

CONCLUSION ................................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**

*Alonso v. Westcoast Corp.*,
    No. 13-CV-00563, 2016 WL 3951331 (M.D. La. July 21, 2016) ............................................ 3

*Aluisi v. Elliott Mfg. Co. Plan*,
    No. 04-CV-5373, 2009 WL 565544 (E.D. Cal. Mar. 5, 2009) ................................................ 13

*Bertuglia v. City of New York*,
    839 F. Supp. 2d 703 (S.D.N.Y. 2012) .................................................................................... 12

*Bobby v. Bies*,
    556 U.S. 825 (2009) ................................................................................................................. 6

*Brady v. Maryland*,
    373 U.S. 83 (1963) ................................................................................................................... 1

*Cmty. Bank of Lafourche v. M/V VICTORIA CALLAIS*,
    No. 99-CV-3477, 2000 WL 222168 (E.D. La. Feb. 23, 2000) ................................................ 6

*Comer v. Murphy Oil USA, Inc.*,
    718 F.3d 460 (5th Cir. 2013) ................................................................................................... 4

*Connick v. Thompson*,
    563 U.S. 51 (2011) ................................................................................................................... 1

*Cozzo v. Tangipahoa Par. Council-President Gov't*,
    279 F.3d 273 (5th Cir. 2002) ................................................................................................... 8

*Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1091 (5th Cir. 1994) ...................................... 5

*Dartez v. Fibreboard Corp.*,
    765 F.2d 456 (5th Cir. 1985) ................................................................................................. 10

*Gandy Nursery, Inc. v. United States*,
    318 F.3d 631 (5th Cir. 2003) ................................................................................................... 5

*Idaho v. Wright*,
    497 U.S. 805 (1990) ............................................................................................................... 10

*In re Keaty*,
    397 F.3d 264 (5th Cir. 2005) ................................................................................................... 5

*In re Moity*,
    320 Fed. App'x 244 (5th Cir. 2009) ........................................................................................ 8

*Innovention Toys, LLC v. MGA Entm't, Inc.*,
   No. 07-CV-6510, 2012 WL 5398476 (E.D. La. Nov. 4, 2012) ................................................. 9

*Johnson v. Bogalusa City*,
   No. 10-CV-3444, 2013 WL 4508058 (E.D. La. Aug. 22, 2013) ............................................... 7

*Johnson v. Bogalusa City*,
   No. 10-CV-3444, Dkt. No. 187 (E.D. La. Aug. 22, 2013) ............................................... 13, 15

*Kyles v. Whitley*,
   514 U.S. 419 (1995) ................................................................................................................. 4

*McDuffie v. Estelle*,
   935 F.2d 682 (5th Cir. 1991) ............................................................................................... 5, 7

*Minnesota Life Ins. Co. v. Lightfoot*,
   No. 17-CV-00823, 2018 WL 2901049 (W.D. La. Apr. 5, 2018) ............................................. 9

*Mitchell v. City of New Orleans*,
   No. 06-CV-4021, 2016 WL 3127168 (E.D. La. June 3, 2016) .............................................. 6, 7

*Moss v. Ole S. Real Estate, Inc.*,
   933 F.2d 1300 (5th Cir. 1991) ............................................................................................. 8, 14

*Owens v. Baltimore City State's Attorneys Office*,
   767 F.3d 379 (4th Cir. 2014) ............................................................................................... 11

*Pac. Employers Ins. Co. v. Troy Belting & Supply Co.*,
   No. 11-CV-912, 2016 WL 5477758 (N.D.N.Y. Sept. 29, 2016) ........................................... 13

*Parklane Hosiery Co., Inc. v. Shore*,
   439 U.S. 322 (1979) ................................................................................................................. 7

*Pharaoh v. Dewees*,
   No. 14-CV-3116, 2016 WL 2593842 (E.D. Pa. May 4, 2016) .............................................. 11

*Phillips v. City of Dallas*,
   781 F.3d 772 (5th Cir. 2015) ................................................................................................. 4

*Pinkozie v. Ricks*,
   243 F. Supp. 3d 768 (E.D. La. 2017) .................................................................................... 4

*Poventud v. City of New York*,
   No. 07-CV-3998, 2015 WL 1062186 (S.D.N.Y. Mar. 9, 2015) ........................................... 11

*Randle v. Tregre*,
   147 F. Supp. 3d 581 (E.D. La. 2015) .................................................................................... 3

*Sims v. City of Madisonville*,
  894 F.3d 632 (5th Cir. 2018) ............................................................... 4

*Smith v. Cain*,
  565 U.S. 73 (2012) ............................................................................ 4

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) .......................................................................... 4

*Truvia v. Connick*,
  577 Fed. App'x 317 (5th Cir. 2014) ............................................ 1, 11, 12

*United States v. Cantu*,
  167 F.3d 198 (5th Cir. 1999) ............................................................... 9

*United States v. Firishchak*,
  468 F.3d 1015 (7th Cir. 2006) ............................................................ 16

*United States v. Mayfield*,
  31 Fed. App'x 160 (5th Cir. 2001) ....................................................... 9

*United States v. Peneaux*,
  432 F.3d 882 (8th Cir. 2005) ............................................................. 11

*United States v. Saguil*,
  600 F. App'x 945 (5th Cir. 2015) ....................................................... 14

*United States v. Shanbaum*,
  10 F.3d 305 (5th Cir. 1994) ............................................................... 4

*United States v. Vidaure*,
  861 F.2d 1337 (5th Cir. 1988) ............................................................. 9

*Vedros v. Northrop Grumman*,
  No. 11-CV-1198, 2015 WL 13540186 (E.D. La. June 8, 2015) ............... 16

*Wenning v. On-Site Manager, Inc.*,
  No. 14-CV-9693, 2016 WL 3538379 (S.D.N.Y. June 22, 2016) ............... 9

**Statutes**

28 U.S.C. § 2254(d) ............................................................................ 7

42 U.S.C. § 1983 ................................................................................ 1

**Other Authorities**

Sen. Comm. on the Judiciary, S. Rep. No. 1277, 93d Cong., 2d Sess. (1974) ............... 10

**Rules**

Fed. R. Evid. 102 ....................................................................................................... 14

Fed. R. Evid. 803(8)............................................................................................. 8, 9, 10

Fed. R. Evid. 803(16)................................................................................................. 15

Fed. R. Evid. 807 ....................................................................................................... 10

Fed. R. Evid. 901(8)................................................................................................... 15

**Treatises**

30B Charles Alan Wright et al., Federal Practice and Procedure § 6933 (West 2018)................ 16

30B Charles Alan Wright et al., Federal Practice and Procedure § 7064 (West 2018)................ 11

Charles Tilford McCormick, McCormick on Evidence § 324 (5th ed. 2003)............................ 11

Michael H. Graham, 7 Handbook of Fed. Evid. § 803:16 (8th ed., West 2018) ......................... 15

Stephanie H. Lee & David N. Finley, Federal Motions in Limine, § 1:3 (West 2018)................. 3

## INTRODUCTION

In this action under 42 U.S.C. § 1983, Plaintiff Robert Jones ("Mr. Jones") seeks damages as a result of the Orleans Parish District Attorney's Office's ("OPDA") violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on his claim, Mr. Jones must establish that OPDA's violation of his *Brady* rights was the direct and proximate result of an OPDA policy, practice, or custom, and that OPDA was deliberately indifferent to the known or obvious consequence that constitutional violations would result from its policy, practice, or custom. *See, e.g.*, *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (requiring proof of a policy, practice, or custom and deliberate indifference to prevail in a *Brady*-based § 1983 action asserting municipal liability).

In its most recent ruling interpreting this standard, the United States Supreme Court held that, to prevail on a claim that a prosecutor's office demonstrated deliberate indifference by failing to provide *Brady* training to prosecutors, a plaintiff cannot rely on a "single incident" to prove liability, but must instead "prove a pattern of similar violations." *Id.* at 71–72. Relying on this ruling, the Fifth Circuit has held that plaintiffs asserting a *Brady*-based § 1983 claim against a municipal entity must show "a pattern or policy" of violating *Brady*. *Truvia v. Connick*, 577 F. App'x 317, 322 (5th Cir. 2014) (unpublished), *cert. denied*, 134 S. Ct. 1550 (Mem.). To prove such "a pattern or policy," the Fifth Circuit indicated that plaintiffs may "point[] to case law preceding their convictions that held the DA's office responsible for committing *Brady* violations or that upheld other criminal defendants' claims of *Brady* violations." *Id.* As such, to prove "a pattern or policy" of *Brady* violations in support of a *Brady*-based § 1983 claim, a plaintiff may offer proof of court rulings holding the defendant municipal entity violated *Brady*. *See id.* at 322.

Mr. Jones has marshalled substantial evidence that is responsive to this standard. Specifically, he has identified at least 44 cases, in addition to his own, in which federal and state

1

courts concluded that OPDA violated *Brady*.[1]  *See* App. A (listing rulings from 12 federal court proceedings); App. B (listing rulings from 31 state and federal court proceedings); Monju Decl., Exs. 1A–43 (attaching the rulings, as well as related orders, docket sheets, and transcripts).  Mr. Jones intends to offer these rulings as evidence of a pattern of *Brady* violations by OPDA, supporting that OPDA had a longstanding policy, practice, or custom of violating defendants' *Brady* rights and that OPDA policymakers were on notice of that policy, practice, or custom yet failed to act, demonstrating their deliberate indifference to the risk posed to defendants' *Brady* rights.  Mr. Jones therefore respectfully moves for an *in limine* ruling that: (1) OPDA is precluded from relitigating the 12 federal court rulings listed in Appendix A as a matter of law under the doctrine of collateral estoppel or, in the alternative, these rulings are admissible as proof of the *Brady* violations by OPDA identified in these rulings; and (2) the 31 court rulings listed in Appendix B are admissible as proof of the *Brady* violations by OPDA identified in these rulings.

Mr. Jones seeks relief at this time due to the significant impact the outcome of this motion will likely have on the discovery and trial proceedings in this case.  If granted, this *in limine* ruling will significantly streamline the discovery and trial proceedings in this case.  It will avoid extraordinarily broad discovery into dozens of OPDA *Brady* violations, many of which occurred decades ago and would be difficult if not impossible to prove anew.  In addition, it will allow for a more focused and efficient trial, by avoiding dozens of "mini-trials" regarding OPDA *Brady*

---

[1] These 44 *Brady* violations are reflected in 43 court rulings.  *See* Declaration of Erin Monju in Support of Plaintiff's Motion *In Limine* to (1) Preclude Relitigation of OPDA *Brady* Violations Recognized in Federal Court Rulings and (2) Admit Court Rulings Recognizing OPDA *Brady* Violations ("Monju Decl."), Ex. 26 (reflecting ruling that OPDA violated two defendants' *Brady* rights).  As alleged in the Complaint, these court-found violations likely significantly understate the number of *Brady* violations by OPDA.  *See* Compl. ¶¶ 124–28.

2

violations that already have been adjudicated by the courts.  And it will provide the jury with the most probative, trustworthy evidence available of OPDA's history of *Brady* violations.

## LEGAL STANDARD

"[M]otions in limine help to streamline a case, because such motions enable a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial."  *Alonso v. Westcoast Corp.*, No. 13-CV-00563, 2016 WL 3951331, at *2 (M.D. La. July 21, 2016) (internal quotation marks omitted).  The admissibility of evidence and preclusion of argument are issues this Court may resolve via motions *in limine*.  *See, e.g.*, *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) ("[N]umerous federal courts have found that motions in limine may be used to secure a pretrial ruling that certain evidence is admissible or inadmissible." (internal quotation marks omitted)); Stephanie H. Lee & David N. Finley, Fed. Motions in Limine, § 1:3 (West 2018) ("[A] motion in limine can . . . be brought requesting an order to allow certain evidence to be admitted.  A motion can also be brought to limit the scope of a party's argument." (internal citations omitted)).

## ARGUMENT

Federal court rulings recognizing *Brady* violations by OPDA have preclusive effect under the doctrine of collateral estoppel: because OPDA has already litigated the *Brady* claims in Appendix A and lost, OPDA may not dispute those violations again.  In the alternative, these rulings are admissible as proof of OPDA's *Brady* violations, either as public records under Federal Rule of Evidence 803(8) or under the residual exception in Federal Rule of Evidence 807.  In addition, the federal and state court rulings recognizing *Brady* violations by OPDA that are listed

3

in Appendix B are admissible under the same evidentiary rules.[2]  Finally, all of the rulings entered

before January 1, 1998, are also admissible as statements in "ancient documents" under Federal

Rule of Evidence 803(16).

## I.   Federal Court Rulings Recognizing *Brady* Violations by OPDA Are Preclusive In This Action

In each of the rulings in Appendix A, a federal court held that OPDA violated *Brady*—

including two such rulings by the United States Supreme Court.  *See Smith v. Cain*, 565 U.S. 73,

76 (2012) (Monju Decl., Ex. 2B); *Kyles v. Whitley*, 514 U.S. 419, 454 (1995) (Monju Decl., Ex.

6B).  Because OPDA has already litigated these *Brady* claims cases and lost, OPDA is now barred

from relitigating the *Brady* violations in these cases, and they are established as a matter of law

through the doctrine of collateral estoppel.

"[T]he preclusive effect of a federal-court judgment . . . is determined by federal common

law."  *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 n.8 (5th Cir. 2013) (quoting *Taylor v.

Sturgell*, 553 U.S. 880, 891 (2008)).  Pursuant to federal common law—specifically, the doctrine

of offensive, non-mutual collateral estoppel—"if a litigant has fully and fairly litigated an issue

and lost, then third parties unrelated to the original action can bar the litigant from re-litigating that

same issue in a subsequent suit."  *See Phillips v. City of Dallas*, 781 F.3d 772, 782 (5th Cir. 2015)

(internal quotation marks omitted); *see also United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir.

---

[2] Under federal doctrine, issue preclusion applies only to findings "necessary to support the judgment."  *See infra* pp. 5–6.  Accordingly, Mr. Jones is not moving for issue preclusion with respect to one federal *Brady* ruling, *Perez v. Cain*, No. 04-CV-1905 (E.D. La. Jan. 7, 2008) (Monju Decl., Ex. 20) (*Brady* finding not necessary to the judgment).   In addition, the preclusive effect of Louisiana state court rulings is governed by Louisiana law.  *See Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018).  Because "Louisiana law differs from . . . federal law in that it still requires mutuality" of the parties in the current and prior actions for the prior ruling to be preclusive, *Pinkozie v. Ricks*, 243 F. Supp. 3d 768, 787 (E.D. La. 2017) (internal quotation marks and alteration omitted), and because Mr. Jones was not a party to the state court actions listed in Appendix B, he is not moving for preclusion with respect to these rulings.

4

1994) ("[C]ourts reason that if another court has already furnished a trustworthy determination of a given issue of fact or law, a party that has already litigated that issue should not be allowed to attack that determination in a second action."); *McDuffie v. Estelle*, 935 F.2d 682, 685 (5th Cir. 1991) (collecting cases permitting offensive, non-mutual collateral estoppel in § 1983 actions).

> Application of the doctrine is appropriate under the following circumstances:

> First, the issue under consideration in a subsequent action [is] identical to the issue litigated in a prior action. Second, the issue [was] fully and vigorously litigated in the prior action. Third, the issue [was] necessary to support the judgment in the prior case. Fourth, there [were] no special circumstances that would render preclusion inappropriate or unfair.

*Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 639 (5th Cir. 2003). The federal court rulings in Appendix A satisfy each of these conditions.

First, an issue is "identical" if it is the same issue resolved in a prior proceeding. *See McDuffie*, 935 F.2d at 685 (precluding relitigation of whether prison conditions were unconstitutional based on a prior ruling finding them to be so). The *Brady* findings here plainly satisfy this requirement. In each ruling, a federal court held that OPDA violated *Brady* by failing to disclose favorable information to the defendant. *See* Monju Decl., Exs. 1B, 2B, 3B, 4B, 5B, 6B, 7B, 8C, 9C, 10, 11A, 12 (copies of federal rulings listed in Appendix A). The identical issue—OPDA's suppression of *Brady* material in these defendants' cases—is central to proving Mr. Jones's claim that OPDA maintained an unconstitutional policy, practice, or custom of withholding favorable information from the defendants it prosecuted.

Second, an issue has been "fully and vigorously" litigated when "the issue [was] raised, contested by the parties, submitted for determination by the court, and determined." *In re Keaty*, 397 F.3d 264, 272 (5th Cir. 2005). The *Brady* findings here meet this requirement, and are thus "matur[e] for the purposes of issue preclusion." *See Cycles, Ltd. v. Navistar Fin. Corp.,* 37 F.3d

1088, 1091 (5th Cir. 1994). As reflected in the appended rulings and docket sheets, the defendant in each case raised his *Brady* claim to a federal court. *See* Monju Decl., Exs. 1A, 1B, 2A, 2B, 3A, 3B, 4A, 4B, 5A, 5B, 6A, 6B, 7A, 7B, 8A, 8B, 8C, 8D, 9C, 10, 11A, 12 (copies of federal rulings listed in Appendix A and related docket sheets). As these rulings and docket sheets also confirm, OPDA opposed the *Brady* claims before the trial courts and, in several cases, on appeal to the Fifth Circuit and the United States Supreme Court. *Id.* And in each case, the claim was actually decided—a federal court determined that OPDA violated *Brady*. *Id.*

Third, a previously decided issue is "necessary to support the judgment" when the outcome depended on that specific factual or legal determination. *See Bobby v. Bies*, 556 U.S. 825, 834 (2009) ("If a judgment does not depend on a given determination, relitigation of that determination is not precluded.") (citing Restatement (Second) of Judgments § 27, cmt. h (1980)); *see also Bayou Fleet P'ship, L.L.P. v. St. Charles Par.,* No. 10-CV-1557, 2011 WL 3898060, at *1, *4 (E.D. La. Sept. 2, 2011) (holding a prior court's determination that plaintiff's property was "similarly situated" to its neighbors was necessary to the court's finding of an Equal Protection Clause violation, and therefore precluded subsequent relitigation of the issue); *Mitchell v. City of New Orleans*, No. 06-CV-4021, 2016 WL 3127168, at *4 (E.D. La. June 3, 2016) (holding that a prior excessive force finding in a criminal prosecution of an officer was preclusive in a subsequent § 1983 litigation because the finding was "necessary" to the officer's conviction, as it established "an essential element" of the officer's offense—namely, "the deprivation of a federal constitutional right"). Here, the *Brady* findings were necessary to the respective rulings because—in every case—the court's finding that OPDA violated *Brady* constituted the sole basis upon which the court granted relief. *See Cmty. Bank of Lafourche v. M/V VICTORIA CALLAIS*, No. 99-CV-3477,

6

2000 WL 222168, at *3 (E.D. La. Feb. 23, 2000) (granting summary judgment on the basis of issue preclusion where the relevant issue "was the basis of the [prior] judgment").

Finally, there are no "special circumstances" that would render preclusion inappropriate here. Offensive, non-mutual collateral estoppel is routinely applied against defendants in § 1983 cases, and there is nothing distinct about this case requiring a different outcome. *See McDuffie*, 935 F.2d at 685; *Mitchell*, 2016 WL 3127168, at *5. While preclusion may be inappropriate where "the defendant did not have an incentive to litigate the issue vigorously in the prior proceeding," *McDuffie*, 935 F.2d at 685, OPDA had strong incentives in each case to rebut the *Brady* claim: to defend its convictions; protect OPDA from reputational harm, *see Johnson v. Bogalusa City*, No. 10-CV-3444, 2013 WL 4508058, at *5 (E.D. La. Aug. 22, 2013) (noting the prosecution's interest in "disproving a *Brady* violation"); and prevent lawsuits against it that foreseeably result from court-found constitutional violations, *cf. Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332 (1979) (recognizing that litigants had "every incentive to litigate . . . fully and vigorously" against "serious allegations" of federal lawbreaking in light of "the foreseeability [that] subsequent private suits" would follow an adverse ruling). Similarly, Mr. Jones could not have "easily . . . joined the previous action[s]." *See Mitchell*, 2016 WL 3127168, at *5. And he does not seek preclusion on rulings that are "inconsistent" with other judgments, *see id.*—each of the rulings in Appendix A determined that OPDA violated the *Brady* rights of the specific defendant in that case, and, other than the state court proceedings the federal courts were expressly authorized to review and supersede under the habeas statute, *see* 28 U.S.C. § 2254, Mr. Jones has not identified any judgments to the contrary.

Accordingly, the Court should find that OPDA is precluded from relitigating the *Brady* violations found in the 12 federal court rulings in Appendix A, with these violations deemed to be

established as a matter of law in this action.  In the alternative, if the Court concludes that collateral estoppel is not warranted, the rulings in Appendix A should be deemed admissible in this action under the Federal Rules of Evidence for the reasons set forth below.

## II.    Court Rulings Recognizing *Brady* Violations by OPDA Are Admissible In This Action

While the Federal Rules of Evidence generally bar admission of hearsay, the Rules set forth numerous exceptions for the admissibility of out-of-court statements made under circumstances that establish the trustworthiness of the evidence.  *See* Fed. R. Evid. 802–804, 807; *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).  Because the court rulings identified in Appendices A and B possess such indicia of trustworthiness, they should be deemed admissible in this action under either the public records exception of Rule 803(8) or the residual hearsay exception of Rule 807.  Moreover, rulings predating January 1, 1998, are also admissible under the hearsay exception for statements in "ancient documents" provided by Rule 803(16).

### A.    The Court Rulings Are Admissible As Public Records Under Rule 803(8)

Rule 803(8) provides that "[a] record or statement of a public office" is admissible as an exception to the hearsay rule "if it sets out . . . in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation" so long as "[neither] the source of information [nor] other circumstances indicate a lack of trustworthiness."  Fed. R. Evid. 803(8)(A)(iii)–(B).

Decisions from the Fifth Circuit and Eastern District of Louisiana courts make clear that certified court records may be admitted under Rule 803(8).  For example, in *Cozzo v. Tangipahoa Par. Council–President Gov't*, the Fifth Circuit affirmed the admission of a state court hearing transcript as a public record, lauding the district court's reasoning for doing so as "persuasive." *See* 279 F.3d 273, 291–92 (5th Cir. 2002).  Numerous other decisions have deemed certified court records admissible under the same principle.  *See In re Moity*, 320 F. App'x 244, 249 (5th Cir.

2009) (unpublished) (stating that "[c]ertified records from other courts are within the hearsay exception for public records and need no sponsoring witness"); *United States v. Mayfield*, 31 F. App'x 160, 160 (5th Cir. 2001) (unpublished) (stating that "certified court records are public records which fall within the public-records exception to the hearsay rule"); *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir. 1999) (same); *United States v. Vidaure*, 861 F.2d 1337, 1340–41 (5th Cir. 1988) (finding no error in district court's admission of "certified and exemplified copies" of court records reflecting a defendant's convictions under Rule 803(8)); *Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-CV-6510, 2012 WL 5398476, at \*5 & n.8 (E.D. La. Nov. 4, 2012) (finding that a court opinion was "not inadmissible hearsay," though declining to admit it for other reasons); *Minnesota Life Ins. Co. v. Lightfoot*, No. 17-CV-00823, 2018 WL 2901049, at \*2 (W.D. La. Apr. 5, 2018), *report and recommendation adopted*, No. 17-CV-00823, 2018 WL 2022765 (W.D. La. Apr. 30, 2018) (admitting a Louisiana state court's divorce judgment under Rule 803(8)).

Rightly so.  Certified court records are "record[s] or statement[s] of a public office" that set out "factual findings," *see* Fed. R. Evid. 803(8)(A)(iii), and are characteristically trustworthy, *see Wenning v. On-Site Manager, Inc.*, No. 14-CV-9693, 2016 WL 3538379, at \*18 (S.D.N.Y. June 22, 2016) (referring to court records as "presumptively trustworthy documents"); *cf.* 28 U.S.C. § 2254(g) (providing that, in habeas cases, "[a] copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing . . . a factual determination by the State court shall be admissible in the Federal court proceeding").  Because the court rulings listed in

Appendices A and B thus satisfy the requirements of Rule 803(8)(A)(iii), they are admissible in this matter as public records.[3]

### B.      The Court Rulings Are Admissible Under Rule 807's Residual Exception

Even if the Court were to find that the court rulings are not admissible under Rule 803(8), the rulings should nonetheless be admitted under Rule 807's residual exception.  Rule 807 embodies Congress's belief "that the residual exception was necessary . . . to protect the integrity of the specifically enumerated exceptions by providing the courts with the flexibility necessary to address unanticipated situations and to facilitate the basic purpose of the Rules: ascertainment of the truth and fair adjudication of controversies."  *Dartez v. Fibreboard Corp.*, 765 F.2d 456, 462 (5th Cir. 1985) (citing Sen. Comm. on the Judiciary, S. Rep. No. 1277, 93d Cong., 2d Sess. (1974)).

As such, under Rule 807, a court may admit hearsay possessing "circumstantial guarantees of trustworthiness" if it determines that: "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence." Fed. R. Evid. 807.   To determine  whether  a statement  possesses  such "guarantees of trustworthiness," the court must review "the totality of the circumstances that surround the making of the statement and that render the declarant particularly worthy of belief" and determine whether the statement is "at least as reliable as evidence admitted under a firmly rooted hearsay exception." *Idaho v. Wright*, 497 U.S. 805, 820–21 (1990).  The court rulings in Appendices A and B easily satisfy this standard.

---

[3] Mr. Jones has obtained certified copies of many of the court rulings submitted with this motion *in limine* and will endeavor to obtain the remainder prior to trial.

First, Rule 807's requirement that evidence be "offered as evidence of a material fact" is merely "redundant to the ever-present requirement of relevance already contained in Federal Rule of Evidence 401."  30B Charles Alan Wright et al., Federal Practice and Procedure § 7064 (West 2018); *see also United States v. Peneaux*, 432 F.3d 882, 892 (8th Cir. 2005) ("The materiality requirement in Rule 807 is merely a 'restatement of the general requirement that evidence must be relevant.'") (quoting Charles Tilford McCormick, McCormick on Evidence § 324 (5th ed. 2003)). This requirement is satisfied here.  The court rulings are highly relevant and Mr. Jones intends to offer them as evidence of material facts—specifically, that OPDA had a policy, practice, or custom of violating the *Brady* rights of criminal defendants, and that OPDA was deliberately indifferent to the known or obvious consequence that constitutional violations would result.  Indeed, as noted above, the Fifth Circuit has indicated that plaintiffs like Mr. Jones *should* rely on this type of evidence to support *Brady*-based § 1983 claims, *see Truvia*, 577 F. App'x at 322, and numerous other courts have found such evidence highly relevant to § 1983 claims—including *Brady*-based § 1983 claims, *see, e.g.*, *Pharaoh v. Dewees*, No. 14-CV-3116, 2016 WL 2593842, at *5 (E.D. Pa. May 4, 2016) (holding that "[t]o impose liability on a municipality more information about [prior] lawsuits is required, such as whether they resulted in a finding that a constitutional violation occurred"); *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 403–04 (4th Cir. 2014) (affirming denial of motion to dismiss *Monell* claim alleging suppression of exculpatory evidence where the plaintiff "alleged facts—the existence of 'reported and unreported cases' and numerous 'successful motions'—which, if true, would buttress his legal conclusion"); *Poventud v. City of New York*, No. 07-CV-3998, 2015 WL 1062186, at *13 (S.D.N.Y. Mar. 9, 2015) (noting that the "[p]laintiff cite[d] to thirteen New York state criminal court decisions involving alleged *Brady* . . . violations" in support of his *Monell* claim); *Bertuglia v. City of New York*, 839 F. Supp.

2d 703, 737–38 (S.D.N.Y. 2012) (denying a motion to dismiss a *Monell* claim against a prosecutor's office where the plaintiffs cited numerous cases in which prosecutors from the office had committed similar misconduct).

Second, the court rulings are more probative of the above elements of Mr. Jones's claim than any other evidence Mr. Jones can procure through reasonable efforts.  As an initial matter, as indicated by the Fifth Circuit's ruling in *Truvia*, the mere fact that courts found *Brady* violations by OPDA is probative of whether a "pattern of similar violations" occurred.  577 F. App'x at 322.  Thus, under *Truvia*, there is no "more probative" substitute for these rulings.  Even looking beyond *Truvia*, the rulings would still be the most probative evidence available within reasonable efforts to prove that each of these violations occurred.  Nearly all of the rulings provide concise descriptions of the cases' essential facts—such as the favorable information OPDA withheld from each defendant and the materiality of that information to each defendant's guilt or innocence—in a manner easily presented and understood by the jury.  By contrast, requiring Mr. Jones to litigate several dozen OPDA *Brady* violations from scratch, in numerous mini-trials, would impose an extremely inefficient, herculean task not only on him but also on the Court and the jury.

In addition, it is highly doubtful that OPDA could identify and produce all of the files necessary to support such mini-trials, given that OPDA has not even been able to locate what may well have been the most crucial file in Mr. Jones's own case.  *See* Monju Decl., Ex. 44 (OPDA letter stating that OPDA had lost its file for Case No. 365-745, the case in which OPDA violated Mr. Jones's *Brady* rights).  And, even if such evidence were identified and produced, it is highly unlikely to be anywhere near as reliable and probative as the court rulings.  As is clear from Mr. Jones's own post-conviction proceedings—during which OPDA purported to have shared all favorable information from its files with Mr. Jones, as he cobbled together *Brady* information from

other sources—OPDA's files do not reliably reflect the full scope of the office's *Brady* violations. *See* Compl. ¶¶ 67, 75, 78–79 (summarizing exculpatory reports and conclusions Mr. Jones had to obtain from the New Orleans Police Department).  Further, given that a majority of the court rulings here concern cases that are decades old, relevant witnesses—such as the prosecutors, defense attorneys, defendants, police officers, and trial witnesses—would almost certainly not recall all relevant events, even assuming they were available to testify at all.  As such, the court rulings in Appendices A and B—which resulted from contested litigations between OPDA and the relevant defendants before state and federal courts, and were rendered closer in time to the *Brady* violations than would be the case here—are far more probative of whether *Brady* violations occurred in those cases than an attempted recreation of those litigations decades later could ever be.

Unsurprisingly, courts presented with similar admissibility issues have therefore deemed court rulings admissible under the residual exception—as the most probative evidence available. *See Johnson v. Bogalusa City*, No. 10-CV-3444, Dkt. No. 187 at 1, n.3 (E.D. La. Aug. 22, 2013) (concluding that, even if a state court's opinion recognizing *Brady* violations was hearsay, it would be admissible under Rule 807 as the most probative and trustworthy evidence available through reasonable efforts); *see also Pac. Employers Ins. Co. v. Troy Belting & Supply Co.*, No. 11-CV-912, 2016 WL 5477758, at *4 (N.D.N.Y. Sept. 29, 2016) (admitting court records from prior proceeding under Rule 807 after concluding that "requir[ing] the parties to engage in more than a dozen mini trials to produce what would likely be the exact same evidence would not be an efficient use of the parties' resources or the Court's time"); *Aluisi v. Elliott Mfg. Co. Plan*, No. 04-CV-5373, 2009 WL 565544, at *6 (E.D. Cal. Mar. 5, 2009) (admitting past judicial findings under

Rule 807 because relitigating the issues would require "significant discovery" and "potentially mini trials" regarding the propriety of the parties' past conduct).

Third, admission of the court rulings would best serve the purposes of the Rules of Evidence and the interests of justice. This prong of Rule 807 "in effect restates Rule 102," McCormick, *supra*, § 324, which requires that the Rules "be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination," Fed. R. Evid. 102. As such, the Fifth Circuit has held that Rule 102's directive to construe the Rules "to eliminate unjustifiable expense and delay" is relevant to the determination whether to apply the residual exception. *See United States v. Saguil*, 600 F. App'x 945, 947 (5th Cir. 2015) (unpublished) (affirming admission of an out-of-court statement under Rule 807, given Rule 102's preference for avoiding "unjustifiable expense and delay"). As noted above, admission of these court rulings will preserve significant resources, for the parties and the Court, and "eliminate unjustifiable expense and delay," by diminishing the need for substantial discovery and mini-trials regarding dozens of decades-old cases that have already been decided by the courts. Moreover, admission of the rulings will serve the goal of "ascertaining the truth and securing a just determination" far more effectively than dozens of mini-trials years or even decades after the fact.

Finally, court rulings are at least as reliable as other public records admitted under Rule 803(8). The Fifth Circuit has commented that, although a "general distrust of out-of-court declarants" underlies the hearsay rule, "Congress has ruled that there is a presumption that this distrust should generally not apply to public officials doing their legal duties." *Moss*, 933 F.2d at 1308. Court rulings possess at least the same degree of trustworthiness as other public records because the declarants—members of the federal and state judiciary, conducting their legal duties—

14

had every reason to be complete and accurate in their decisions.  Accordingly, as an Eastern District of Louisiana court recognized in *Johnson v. Bogalusa City*, prior *Brady* rulings have "'equivalent circumstantial guarantees of trustworthiness' to the exceptions in Federal Rules of Evidence 803 and 804 (particularly Rule 803(8))."  No. 10-CV-3444, Dkt. No. 187 at 1, n.3.  As such, the rulings listed in Appendices A and B are admissible under Rule 807.

**C.    Many Of The Court Rulings Are Also Admissible As Ancient Documents Under Rule 803(16)**

In addition to Rules 803(8) and 807, yet another provision, Rule 803(16), confirms the admissibility of the 21 court rulings in Appendices A and B that were rendered before January 1, 1998.[4]  Rule 803(16) renders admissible "[a] statement in a document that was prepared before January 1, 1998, and whose authenticity is established" on a categorical basis.  Fed. R. Evid. 803(16).  Documents pre-dating 1998 are deemed reliable because they were "created prior to the existence of any motive to falsify arising from the instant litigation."  *See* Michael H. Graham, 7 Handbook of Fed. Evid. § 803:16 (8th ed., West 2018); *see also* Fed. R. Evid. 803(16) advisory committee's note (noting that the age of the documents admissible under Rule 803(16) "affords assurance that the writing antedates the present controversy").

Rule 803(16) operates in tandem with the provisions of Rule 901(8), which permits litigants to authenticate a document by showing that "it: (A) is in a condition that creates no suspicion about its authenticity; (B) was in a place where, if authentic, it would likely be; and (C) is at least 20 years old when offered."  Fed. R. Evid. 901(8).  Beyond the age and authenticity of a document, Rule 803(16) contains "no other textual requirements" and, "[c]onsequently[,] it makes sense to view the hearsay rule as essentially satisfied once the authentication requirements are

---

[4] *See* Monju Decl., Exs. 6B, 7B, 8C, 9C, 10, 11A, 12, 30B, 31, 32, 33, 34, 35, 36A, 37, 38, 39, 40, 41, 42, 43.

met."  30B Charles Alan Wright et al., *Federal Practice and Procedure* § 6933 (West 2018); *see also Vedros v. Northrop Grumman*, No. 11-CV-1198, 2015 WL 13540186, at *2 (E.D. La. June 8, 2015) (finding that documents which "ha[d] been authenticated and [were] more than twenty years old" were admissible under Fed. R. Evid. 803(16)); *United States v. Firishchak*, 468 F.3d 1015, 1022 (7th Cir. 2006) ("Under Federal Rule of Evidence 803(16), statements contained in authenticated ancient documents are not hearsay.").

Each court ruling rendered before January 1, 1998 meets the criteria for authentication under Rule 901(8), and thus for admission under Rule 803(16).  First, the condition of Plaintiff's copies of each ruling create no suspicion regarding their authenticity.  The copies are complete reproductions of the printed court rulings, free of any annotations except those present on the archival originals.  Second, with one reasonable caveat,[5] the rulings were obtained from a place where authentic copies would likely be located, such as the courts' own clerks,[6] a certified court reporter,[7] the Louisiana State University Law Library,[8] West's Southern Reporter,[9] or the United States National Archives and Records Administration.[10]  Third, each ruling was prepared at least 20 years ago.  *See* Fed. R. Evid. 803 advisory committee's note (2017 amendment) ("Under the

---

[5] The sole caveat relates to a ruling Mr. Jones obtained from the archives of the Innocence Project New Orleans ("IPNO").  *See* Monju Decl., Ex. 9C.  While the National Archives cannot locate a copy of this ruling, a subsequent court ruling obtained from the National Archives references and thereby confirms the accuracy of the finding of a *Brady* violation by OPDA in the ruling provided by IPNO.  *See* Monju Decl., Ex. 9D.

[6] *See* Monju Decl., Exs. 32, 33, 34, 37, 38, 39, 40.

[7] *See* Monju Decl., Exs. 31, 36A.

[8] *See* Monju Decl., Ex. 30B.  The Louisiana State University Law Library served as a depository for records and briefs of the Louisiana appellate courts for the years prior to January 1, 1998.  *See* Louisiana State University Law Library, *Court Records*, https://www.law.lsu.edu/library/general-information/collections/court-records/ (last accessed Feb. 18, 2019).

[9] *See* Monju Decl., Exs. 7B, 41, 42, 43.

[10] *See* Monju Decl., Exs. 6B, 8C, 10, 11A, 12, 35.

16

amendment, a document is 'prepared' when the statement proffered was recorded in that document.").  The rulings are therefore independently admissible under Rule 803(16), in addition to the grounds for admissibility under Rules 803(8) and 807 set forth above.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Mr. Jones's motion *in limine* should be granted.

Dated:  February 26, 2019

Respectfully submitted,

*/s/ Erin Monju*
Alan Vinegrad* (T.A.) (N.Y. 1967140)
Erin Monju* (N.Y. 5160908)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, N.Y. 10018
Phone:  (212) 841-1000
Email: avinegrad@cov.com,
       emonju@cov.com

*with*

Mark A. Cunningham (La. 24063)
JONES WALKER LLP
201 St. Charles Avenue, Ste. 5100
New Orleans, L.A. 70170
Phone:  (504) 582-8536
Email: mcunningham@joneswalker.com

*and*

Nina Morrison* (N.Y. 3048691)
INNOCENCE PROJECT
40 Worth Street
Suite 701
New York, N.Y. 10013
Phone: (212) 364-5340
Email: nmorrison@innocenceproject.org

*Admitted pro hac vice*
*Attorneys for Plaintiff Robert Jones*

18

**Appendix A: Federal Court Rulings Recognizing *Brady* Violations by OPDA**

| Exhibit[11] | Defendant | Document |
|---|---|---|
| 1B. | John Floyd | *Floyd v. Vannoy*, No. 11-CV-2819 (E.D. La. May 8, 2017) |
| 2B. | Juan Smith | *Smith v. Cain*, No. 10-8145 (U.S. Jan. 10, 2012) |
| 3B. | Eddie Triplett | *Triplett v. Cain*, No. 04-CV-1434 (E.D. La. Sept. 29, 2011) |
| 4B. | David Mahler | *Mahler v. Kaylo*, No. 07-CV-30024 (5th Cir. July 28, 2008) |
| 5B. | Julian Robinson | *Robinson v. Cain*, No. 05-CV-6319 (E.D. La. Aug. 31, 2007) |
| 6B. | Curtis Lee Kyles | *Kyles v. Whitley*, No. 93-7927 (U.S. Apr. 19, 1995) |
| 7B. | Larry Hudson | *Hudson v. Whitley*, No. 91-CV-3352 (5th Cir. Dec. 10, 1992) |
| 8C. | Michael Williams | *Williams v. Butler*, No. 88-CV-5718, Finding and Recommendation (E.D. La. Feb. 3, 1992), *adopted by Williams v. Butler,* No. 88-CV-5718, Order (E.D. La. Mar. 11, 1992) |
| 9C. | Ronald Monroe | *Monroe v. Maggio*, No. 83-CV-6277 (E.D. La. Feb. 28, 1984) |
| 10. | Norman Clark | *Clark v. Blackburn*, No. 80-CV-3093 (5th Cir. Dec. 10, 1980) |
| 11A. | Arthur Monroe | *Monroe v. Blackburn*, No. 78-CV-3191 (5th Cir. Nov. 21, 1979) |
| 12. | Linroy Davis | *Davis v. Heyd*, No. 72-CV-1512 (5th Cir. May 29, 1973) |

---

[11] Exhibit numbers correspond to the exhibits attached to the Declaration of Erin Monju in Support of Plaintiff's Motion *In Limine* to (1) Preclude Relitigation of OPDA *Brady* Violations Recognized in Federal Court Rulings and (2) Admit Court Rulings Recognizing OPDA *Brady* Violations ("Monju Decl.").

**Appendix B: Federal and State Court Rulings Recognizing *Brady* Violations by OPDA**

| Exhibit[11] | Defendant | Document |
|---|---|---|
| 13. | Christopher Wells | *State v. Wells*, No. 2011-KA-0744 (La. Ct. App. Apr. 13, 2016) (noting prior *Brady* ruling) |
| 14A. | Reginald Adams | *Adams v. Cain*, No. 278-951 (Orleans Crim. Dist. Ct. May 12, 2014) |
| 15. | Jerome Morgan | *State v. Morgan*, No. 367-809 (Orleans Crim. Dist. Ct. Jan. 24, 2014) |
| 16. | Ronald Warner | *State v. Warner*, No. 508-807 (Orleans Crim. Dist. Ct. Aug. 15, 2013) |
| 17. | Michael Anderson | *State v. Anderson*, No. 472-217 (Orleans Crim. Dist. Ct. Mar. 7, 2010) |
| 18B. | John Duncan | *State v. Duncan*, No. 450-320 (Orleans Crim. Dist. Ct. July 29, 2008), *adopting State v. Duncan*, No. 450-320 (Orleans Crim. Dist. Ct. Aug. 19, 2005) |
| 19. | Calvin Williams | *In re: Williams*, No. 2007-CA-1380 (La. Ct. App. 2008) (noting prior *Brady* ruling) |
| 20. | Salvador Perez | *Perez v. Cain*, No. 04-CV-1905 (E.D. La. Jan. 7, 2008) |
| 21. | Darnell Lewis | *State v. Lewis*, No. 2006-KA-0730 (La. Ct. App. Oct. 18, 2006) (noting prior *Brady* ruling) |
| 22. | Dan Bright | *State v. Bright*, No. 02-KP-2793 (La. May 25, 2004) |
| 23. | Eugene Lindsey | *State v. Lindsey*, No. 2002-K-2363 (La. Ct. App. Apr. 2, 2003) |
| 24. | Alvin Jeanmarie | *State v. Jeanmarie*, No. 354-016 (Orleans Crim. Dist. Ct. Apr. 24, 2002) |
| 25. | John Thompson | *State v. Thompson*, No. 2002-K-0361 (La. Ct. App. July 17, 2002) (noting prior *Brady* ruling) |
| 26. | Earl Truvia and Gregory Bright | *State v. Bright and Truvia*, No. 252-514 (Orleans Crim. Dist. Ct. Oct. 1, 2002) |
| 27. | Daniel Rideau | *State v. Rideau*, No. 2001-K-0146 (La. Ct. App. May 7, 2001) |
| 28. | George Lee | *State v. Lee*, No. 2000-K-2429 (La. Ct. App. Jan. 4, 2001) (noting prior *Brady* ruling) |
| 29. | Shareef Cousin | *State v. Cousin*, No. 96-KA-2973 (La. Apr. 14, 1998) |

| 30B. | James Walker | *State v. Walker*, No. 372-370 (Orleans Crim. Dist. Ct. Aug. 27, 1997) |
|---|---|---|
| 31. | Hayes Williams | *State v. Williams*, No. 199-523 (Orleans Crim. Dist. Ct. Feb. 19, 1997) |
| 32. | Alfred Oliver | *State v. Oliver*, No. 94-KA-1642 (La. Ct. App. Oct. 9, 1996) |
| 33. | Norris Henderson | *State v. Henderson*, No. 95-KA-0267 (La. Ct. App. Apr. 3, 1996) (noting prior *Brady* ruling) |
| 34. | Erin Hunter | *State v. Hunter*, No. 93-KA-1681 (La. Ct. App. Dec. 15, 1994) |
| 35. | Errol Bernard | *Bernard v. Connick*, No. 91-CV-3444 (5th Cir. Jan. 31, 1992) (noting prior *Brady* ruling) |
| 36A. | Roland Gibson | *State v. Gibson*, No. 203-904 (Orleans Crim. Dist. Ct. Dec. 18, 1992) |
| 37. | Isaac Knapper | *State v. Knapper*, No. 90-KP-1435 (La. May 6, 1991) |
| 38. | Darryl Washington | *State v. Washington*, No. 88-KA-2066 (La. Ct. App. June 29, 1989) |
| 39. | Stephen Rosiere | *State v. Rosiere*, No. 85-K-2215 (La. May 20, 1986) |
| 40. | William Perkins | *State v. Perkins*, No. 81-KA-3120 (La. Nov. 29, 1982) |
| 41. | Larry Curtis | *State v. Curtis*, No. 66181 (La. May 19, 1980) |
| 42. | Floyd Falkins | *State v. Falkins*, No. 60628 (La. Mar. 6, 1978) |
| 43. | James Carney | *State v. Carney*, No. 57579 (La. June 21, 1976) |

21

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing document has been served upon all

counsel of record by using the CM/ECF system, this 26th day of February, 2019.

*/s/ Erin Monju*