UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JONES | CIVIL ACTION |
| VERSUS | NO. 18-503 |
| LEON CANNIZZARO ET AL. | SECTION "H" (2) |

## ORDER AND REASONS ON MOTION

This is a civil rights action in which Robert Jones ("plaintiff") alleges that the office of the Orleans Parish District Attorney (defendant Leon Cannizzaro in his official capacity), engaged in a practice of suppressing information and evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) for more than twenty (20) years. Complaint, Record Doc. No. 1. Plaintiff alleges that this practice resulted in the violation of his rights during his lengthy criminal proceedings dating back to the 1990s. Id. Plaintiff seeks compensatory damages, costs and attorneys' fees. Id. at p. 47.

Plaintiff served a notice of deposition and subpoena on defendant, specifically to depose defense counsel of record Donna Andrieu, an Assistant Orleans Parish District Attorney. Record Doc. No. 83-2, at pp. 1-6. Plaintiff also attached requests for production of documents to the subpoena. Record Doc. No. 83-2, at pp. 8-19. Defendant filed a motion for protective order and to quash the deposition and subpoena. Record Doc. No. 83. Plaintiff filed a timely opposition memorandum. Record Doc. No. 91.

Having considered the parties' written submissions, the record and the applicable law, IT IS ORDERED that defendant's motion is GRANTED and the deposition notice and subpoena are quashed <u>at this time</u> for the following reasons.

Fed. R. Civ. P. 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

"Generally, federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 (5th Cir. 1999) (citing <u>Shelton v. Am. Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986)).

As Magistrate Judge Bourgeois of the Middle District of Louisiana has noted,

> article 508 and the federal common law essentially employ the same substantive analysis in considering whether to allow the deposition of opposing counsel. <u>Compare</u> La. C. Evid. art. 508 (considering whether the information sought is (a) essential to the case, (b) not intended to harm or harass, (c) narrowly tailored and (d) not available from any other source), <u>with</u> Fed. R. Civ. P. 26(b), (g) (discovery requests may not be overly broad or intended to harass), <u>and</u> <u>Shelton</u>, 805 F.2d at 1327 (considering, among other things, whether the information is "crucial" and may be obtained by any other means).

2

Hall v. Louisiana, 2014 WL 1652791, at *4 n.4 (M.D. La. Apr. 23, 2014) (citing Shelton, 805 F.2d at 1327).

A few months after issuing its decision in Theriot, the Fifth Circuit further addressed the issue in Nguyen v. Excel Corp., 197 F.3d 200 (5th Cir. 1999), explaining that, "[b]ecause depositions of opposing counsel are disfavored generally and should be permitted in only limited circumstances, one would suspect that a request to depose opposing counsel generally would provide a district court with good cause to issue a protective order." 197 F.3d at 209 (footnotes omitted). The court noted the analysis adopted by the United States Court of Appeals for the Eighth Circuit in Shelton, 805 F.2d at 1327, forbidding a party from deposing opposing counsel unless (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case. See id. at 208. The Fifth Circuit in Nguyen held that the district court "did not abuse its discretion in authorizing the depositions of defense counsel, even assuming the applicability of the Shelton inquiry." Id. at 209 (footnote omitted); cf. Murphy v. Adelphia Recovery Trust, 2009 WL 4755368, at *2 (N.D. Tex. Nov. 3, 2009) ("While the Fifth Circuit has not explicitly adopted Shelton, it has indicated that the same three factors inform a district court's discretion in determining whether to authorize the deposition of opposing counsel." (citing Nguyen, 197 F.3d at 209)). "Regardless of the movant, . . . the party asking to

3

depose its opponent's counsel bears the burden of proof." Hall v. Louisiana, 2014 WL 1652791, at *4.

Applying the foregoing precedent in this case militates in favor of granting defendant's motion and quashing the deposition and subpoena, at least at this time. Generally, the scope of discovery permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff argues that the information sought is discoverable because he must prove a policy, practice or custom of Brady violations, and as the Orleans Parish District Attorney's Chief of Appeals, Andrieu has knowledge of this policy, practice or custom, as well as knowledge of the Assistant District Attorneys she supervised and her investigation of the "Menner memo," a key piece of evidence. Record Doc. No. 91 at p. 5. Defendant argues that the information sought cannot be relevant because "Andrieu . . . did not begin working at [the D.A.'s office] until 2001, years after [plaintiff's] convictions . . . was not involved in the prosecution of [plaintiff] and would not have first-hand knowledge of any alleged Brady violation that may have occurred during the prosecution. . . . [and since] the handling of [plaintiff's] post-conviction applications cannot give rise to a Brady violation, it is not relevant to his Brady claim in this case . . . ." Record Doc. No. 83-1 at p. 3. As plaintiff notes, I have previously found that "policies and procedures relevant to [plaintiff's] Monell claims . . . at least through

4

the 2017 dismissal of the charges against him are relevant to plaintiff's claims that defendant's conduct was improper for decades following his conviction." Record Doc. No. 60 at pp. 1-2. Similarly, whatever knowledge Andrieu may have about the subject policies and procedures of her office is relevant.

The information sought likewise does not appear to be privileged. Plaintiff stated in its opposition memorandum that he only wishes to depose Andrieu about "factual information that pre-dates this litigation." Record Doc. No. 91 at p. 6 (emphasis added). The attorney-client privilege "only protects disclosure of confidential communications between the client and attorney; it does not protect disclosure of underlying facts." United States v. Edwards, 39 F. Supp. 2d 716, 723 (M.D. La. 1999) (citing Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981) (emphasis added); In re Six Grand Jury Witnesses, 979 F.2d 939 (2d Cir. 1992); United States v. Freeman, 619 F.2d 1112 (5th Cir. 1980); Computer Network Corp. v. Spohler, 95 F.R.D. 500 (D.D.C. 1982)). "'Pre-existing facts that underlie the client's confidential communications, whether oral or written, are not privileged simply because the client disclosed them to an attorney for the purpose of obtaining legal services.'" Id. at 736 (quoting Weinstein's Federal Evidence, § 503.14[4][a] (2d ed. 1998), citing Upjohn, 449 U.S. at 395). Additionally, even if some information sought in the deposition is privileged, a deponent need not

answer a question in a deposition when necessary to "preserve a privilege." Fed. R. Civ. P. 30(c)(2).

However, while the information sought may be relevant and non-privileged, in the disfavored circumstances of an attempt to depose opposing counsel of record, plaintiff has failed to show that this discovery is proportional, that no other means exist to obtain the information that he seeks from Andrieu's deposition testimony or that the information is "crucial" to preparation of the case. Plaintiff has not shown that he tried and failed to obtain the information from other sources such as (1) defendant's Rule 30(b)(6) deposition; (2) the individual deposition of Harry Connick, Sr., one of the current District Attorney's predecessors who is alleged to have been largely responsible for the challenged practices and procedures, Record Doc. No. 1, Complaint at pp. 31-32; ¶¶109-118; Record Doc. No. 61 (order concerning deposition schedule for Harry Connick, Sr.); or (3) the deposition of Fred Menner, the author of the "Menner memo." These other depositions should be an adequate substitute under these particular circumstances for Andrieu's individual testimony. While plaintiff argues that Andrieu is "uniquely positioned" and can provide "a comprehensive view" of the information sought, Record Doc. No. 91 at p. 4, plaintiff admits that other individuals employed by the District Attorney's office should have knowledge of this information. Record Doc. No. 91 at p. 3 ("other [D.A.] personnel joined Ms. Andrieu for the interview of the Menner Memo's

author"); p. 4 n. 1 (". . . the individual who tasked Ms. Andrieu with [investigating the Menner memo] could presumably also testify to this fact . . .").

Significantly, Andrieu has already testified about these topics generally and her testimony is already in plaintiff's possession. See Record Doc. Nos. 91-2 at pp. 5-8 (testifying about her position as D.A.'s office Chief of Appeals and the attorneys she supervised); pp. 9-18 (testifying about her familiarity with the Menner memo and her investigation thereof); pp. 19-29 (testifying about Brady policies in the office); pp. 30-36 (testifying about Brady practices in the office Appeals Division specifically); 91-3 at pp. 5-6 (testifying about her position and training in the Appeals Division); pp. 8-17 (testifying about Brady practices in the Appeals Division specifically); pp. 18-24 (testifying about training and reviewing Orleans Parish Assistant District Attorney Graham Bosworth, who worked on plaintiff's post-conviction proceeding in 2007); pp. 24-28 (testifying about appearing in court during plaintiff's post-conviction proceedings); pp. 36-53 (testifying about the steps her office took concerning plaintiff's application for post-conviction relief); pp. 53-78 (testifying about Assistant District Attorneys Graham Bosworth and Brad Scott that she supervised in her capacity as Chief of Appeals); pp. 77-78 (testifying about conversations with Scott after she learned about the Menner memo); pp. 84 - 85 (testifying about her investigation regarding the Menner memo); pp.

7

93-95 (testifying about her understanding of the Menner memo); pp. 99 - 124; 126-131 (testifying as to her interview of Menner and her investigation about his memo).

Courts within the Fifth Circuit analyzing the Shelton factors have found that whether information is crucial may involve whether it can be obtained through other means. See, e.g., Premier Dealer Services, Inc. v. Duhon, 2013 WL 5720354, at *5 (E.D. La. Oct. 21, 2013) (Roby, M.J.); Hall, 2014 WL 1652791, at *5; McKinney/Pearl Restaurant Partners, L.P. v. Metropolitan Life Insurance Company, 2016 WL 3033544, at *6-7 (N.D. Tex. May 26, 2016). Because plaintiff has not shown that this information cannot be obtained by other means, he has likewise not shown that deposing Andrieu is crucial to his case. If Andrieu possesses crucial information that cannot be obtained from any other source, plaintiff must prove that fact. At this time, he has failed to do so.

As to the proportionality component of the Rule 26(b)(1) scope of discovery, for the same reasons outlined above, the needs of the case, the importance of the discovery and its added burden or expense are all factors that weigh against a finding that this deposition and subpoena duces tecum are appropriately proportional. In addition, ample opportunity to obtain the same information and materials that opposing counsel may possess is available by other discovery in this matter, such that this discovery will be unreasonably cumulative or duplicative. Fed. R. Civ. P. 26(b)(2)(c)(i)-(ii).

For all the foregoing reasons, defendant's motion is GRANTED. The deposition notice and subpoena issued to defense counsel of record are quashed <u>at this time</u>. As was clarified at oral argument, the parties' witness lists are not due to be filed until June 3, 2019. Record Doc. No. 50 at p. 2. Plaintiff intends to list Andrieu on his trial witness list. Defendant does <u>not</u> and intends to move to strike Andrieu from plaintiff's witness list, for some of the reasons asserted in this motion, a matter that the parties must timely present to the presiding district judge pre-trial for her to decide. After this anticipated motion practice, if the presiding district judge determines that Andrieu <u>will</u> be a witness at trial, she must then be deposed.

New Orleans, Louisiana, this \_\_\_\_27th\_\_\_\_ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE