UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT JONES                                          CIVIL ACTION

VERSUS                                                NO: 18-503

LEON CANNIZZARO ET AL.                                SECTION "H"

## ORDER AND REASONS

Before the Court are Plaintiff's Partial Motion for Summary Judgment on Brady Violations (Doc. 72) and Motion in Limine (Doc. 74). For the following reasons, the Motions are GRANTED.

## BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth

Circuit Court of Appeal, and the charges against him were ultimately dismissed.

Plaintiff now moves for summary judgment on the portion of his § 1983 claim that requires him to establish that the Defendant violated his *Brady* rights. Plaintiff argues that this issue was previously determined by the Fourth Circuit in his application for post-conviction relief, and therefore, the issue is res judicata. In addition, Plaintiff moves for an in limine ruling that (1) OPDA is precluded under the doctrine of collateral estoppel from relitigating certain federal court rulings in which courts found that the OPDA committed *Brady* violations, or in the alternative, that these rulings are admissible as proof of the *Brady* violations, and (2) that certain state court rulings are admissible as proof of the *Brady* violations by OPDA identified therein. Defendant opposes both of these motions.

## LEGAL STANDARD

### A. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

**B. Motion in Limine**

"The essential prerequisite of admissibility is relevance."[9] Evidence is relevant if "it has any tendency to make a fact more or less probable than it

---

[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] United States v. Hall, 653 F.3d 1002, 1005 (5th Cir. 1981).

would be without the evidence . . . and the fact is of consequence in determining the action."[10] Whether a fact is of consequence is a question governed by the substantive law applicable to the case.[11] "A district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.'"[12] Because Rule 403 "is an extraordinary measure [that] permits a trial court to exclude concededly probative evidence . . . it should be used sparingly."[13]

## LAW AND ANALYSIS

### A. Motion for Summary Judgment

In 2010, Louisiana's Fourth Circuit Court of Appeal granted Plaintiff post-conviction relief, ruling that the OPDA had violated his *Brady* rights (the "Post-Conviction Case"). In so holding, the court stated:

> [OPDA's] failure to produce evidence of: (1) the age estimate of the perpetrator; (2) the lack of any mention of gold teeth by the victims on the night of the robberies/kidnapping/rape; (3) the perpetrator's statement that he was taking [the rape victim] to his "neck of the woods;" and (4) Lester's crime spree and the police belief that Lester committed all of the crimes, added together, violated *Brady* in that all of this evidence was material, and its omission undermined confidence in the jury's verdict.

The Louisiana Supreme Court denied writs, and Plaintiff was released from custody. The OPDA ultimately dismissed the charges against Plaintiff.

---

[10] FED. R. EVID. 401.
[11] *Hall*, 653 F.2d at 1005.
[12] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 882 (5th Cir. 2013) (alterations in original) (quoting FED. R. EVID. 403).
[13] Shepherd v. Dall. Cnty., 591 F.3d 445, 456–57 (5th Cir.2009) (first alteration in original) (internal quotation marks and citation omitted).

Plaintiff now argues that the Fourth Circuit's ruling in the Post-Conviction Case has preclusive effect in this litigation under the doctrine of res judicata.

When a federal court is asked to give res judicata effect to a state court judgment, it must give the same preclusive effect to the state court judgment as would be given by the courts of that state.[14] Under Louisiana Revised Statutes § 13:4231(3), "[A] valid and final judgment is conclusive between the same parties . . . in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." "[O]nce a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties."[15] In order to show issue preclusion, a party must show: (1) a valid and final judgment, (2) identity of parties, (3) whether the issue at stake is identical to the one involved in the prior litigation, (4) whether the issue was actually litigated, and (5) whether the determination of the issues was necessary to the judgment in the prior litigation.[16] Defendant argues that Plaintiff cannot satisfy two of these elements. Further, it argues that exceptional circumstances present here make the application of the doctrine of res judicata unjust.

**1. Identity of Parties**

First, Defendant argues that Plaintiff cannot show that the parties in the Post-Conviction Case are identical to the parties here. In the Post-Conviction Case, Louisiana law required Plaintiff to name Burl Cain, the

---

[14] Zatarain v. WDSU–Television, Inc., 79 F.3d 1143 (5th Cir.1996); *see* 28 U.S.C. § 1738 (2014).

[15] Henkelmann v. Whiskey Island Pres., LLC, 145 So. 3d 465, 470 (La. App. 1 Cir. 2014).

[16] McDonald v. Cason, 801 So. 2d 1255, 1262 (La. App. 3 Cir. 2001).

custodian of the prison in which he was incarcerated, as the defendant in that proceeding.[17] Here, the defendant is Leon A. Cannizzaro, Jr. in his official capacity as the OPDA. Plaintiff argues that these defendants are identical because the OPDA was in privity with Cain for purposes of the Post-Conviction Case.

"Identity of parties exists whenever the same parties, their successors, or others appear, so long as they share the same 'quality' as parties."[18] "This requirement does not mean that the parties must have the same physical identity, but that the parties must appear in the same capacities in both suits. Identity of parties can also be satisfied when a privy of one of the parties is involved."[19] Nonparties are deemed the 'privies' of parties if "the nonparty controlled the prior litigation" or "the nonparty's interests were adequately represented by a party to the action who may be considered the 'virtual representative' of the nonparty because the interests of the party and the nonparty are so closely aligned."[20] Plaintiff argues that Cain and the OPDA were in privity under either of these theories. The OPDA, on the other hand, argues that it acted only in the capacity as attorney for the actual defendant, Cain, in the prior action. It argues that it controlled the litigation only as Cain's attorney and is not bound by that litigation when it now appears in its own interest.

This Court agrees with Plaintiff's characterization of the OPDA's participation in the Post-Conviction Case. Louisiana Criminal Code article 927

---

[17] *See* LA. CODE CRIM. PROC. art. 927.
[18] Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp., 880 So. 2d 129, 140 (La. App. 1 Cir. 2004).
[19] Burguieres v. Pollingue, 843 So. 2d 1049, 1054 (La. 2003).
[20] Hudson v. City of Bossier, 766 So. 2d 738, 743 (La. App. 2 Cir. 2000).

states that the custodian—here Burl Cain—should file an answer to post-conviction challenges "through the district attorney in the parish in which the defendant was convicted." "Although the Code retains the fiction that the custodian is the opposing party, in cases of postconviction challenges, the prosecutor who sought and secured the challenged conviction is really the opposing party. Thus, the Code of Criminal Procedure articles clearly recognize his role as the attorney for the respondent custodian."[21] That said, Defendant cannot seriously contend that it did not have control over the Post-Conviction Case. A person has control over litigation if he has "effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain review."[22] Defendant does not present any evidence indicating that Cain had the ability to make these choices. This Court finds that the OPDA was in privity with Cain in the Post-Conviction Case.

Indeed, this is not the first court to have reached such a conclusion. In *Johnson v. Bogalusa City*, another section of this Court held that the fact that "the state court proceeding was nominally captioned against the warden of the facility where Plaintiff was held is irrelevant."[23] It found that the district attorney "clearly controlled the prior litigation" and that its interests "were adequately represented by the warden."[24] Accordingly, this Court finds that Plaintiff has satisfied the identity of parties element of res judicata.

---

[21] Cheney C. Joseph, Jr., *Capital Sentencing Hearing—Plain Error*, 41 LA. L. REV. 625 (1981).
[22] Freeman v. Lester Coggins Trucking, Inc., 771 F.2d 860, 864 n.3 (5th Cir. 1985) (internal quotations omitted).
[23] No. 10-3444, 2013 WL 4508058, at *5 (E.D. La. Aug. 22, 2013).
[24] *Id.*

7

**2. Identity of Issues**

Defendant next argues that the issues raised in the Post-Conviction Case are not identical to the issues presented here because Plaintiff raises additional *Brady* violations either not considered or rejected by the Fourth Circuit. It argues that the Fourth Circuit's ruling was far more limited than the arguments and evidence presented here, and the issues are therefore not identical. Plaintiff clarifies in response that he seeks a finding of res judicata only on those findings considered by the Fourth Circuit to conclude that the OPDA violated his *Brady* rights. Plaintiff intends to argue at trial that the OPDA also violated his *Brady* rights in additional ways not addressed by the Fourth Circuit. Accordingly, Plaintiff seeks res judicata only on those issues that are identical, and this element is satisfied. Plaintiff has therefore carried his burden to show that res judicata applies to preclude relitigation of the *Brady* violations found by the Fourth Circuit in the Post-Conviction Case.[25]

**3. Exceptional Circumstances**

Defendant also argues, however, that exceptional circumstances should prelude the application of res judicata in this case. Louisiana Revised Statutes § 13:4232 states that "[a] judgment does not bar another action by the plaintiff [w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." The Louisiana Supreme Court has stated that "[t]he 'exceptional circumstances' exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their

---

[25] *See id.* at *5 (holding that "[t]he issue of whether a *Brady* violation occurred in his case, along with all of Judge Childress's findings and conclusions necessary to his determination that there was, shall not be relitigated in this case. They are taken as true.").

8

claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties."[26] "[S]uch relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated."[27] Defendant argues that exceptional circumstances are present here because of (1) the nature of the post-conviction habeas action and (2) the quality of the ruling in the Post-Conviction Case.

First, Defendant argues that it is unfair to apply the doctrine of res judicata offensively against a defendant based on the outcome of a post-conviction proceeding because the doctrines of res judicata and collateral estoppel are not applicable in habeas proceedings. Essentially, Defendant argues that because Plaintiff would not be bound by a prior habeas ruling, it should also not be bound. Defendant's argument, however, is fundamentally flawed. As Plaintiff correctly points out, both Louisiana and federal habeas law prohibit the filing of identical, successive claims for habeas relief.[28] A successive application for habeas relief is permitted only if the petitioner presents new or different claims that could not previously have been brought.[29] Defendant does not cite this Court to any case or law indicating that both parties are not equally bound by the Fourth Circuit's ruling in the Post-Conviction Case.[30]

---

[26] Oleszkowicz v. Exxon Mobil Corp., 156 So. 3d 645, 648 (La. 2014).
[27] LA. REV. STAT. § 13:4232 cmt.
[28] *See* LA. CODE CRIM. PROC. art. 930.4; 28 U.S.C. § 2244.
[29] *See* LA. CODE CRIM. PROC. art. 930.4; 28 U.S.C. § 2244.
[30] *See* Kyles v. Garrett, No. G-03-0053, 2010 WL 3303736, at *4 (S.D. Tex. Aug. 19, 2010), *aff'd*, 444 F. App'x 814 (5th Cir. 2011) ("Because plaintiff had the opportunity to fully and fairly litigate the ex post facto issue in his federal habeas action, his ex post facto claims regarding the denial of parole in 2002 and 2004 are barred by res judicata.").

Second, Defendant argues that "there is reason to doubt the quality and extensiveness of the procedures followed" in the Post-Conviction Case.[31] Defendant does not, however, actually indicate any way in which the procedures followed by the Fourth Circuit were flawed. Instead, Defendant details two instances in which it believes the Fourth Circuit made erroneous factual findings. In this Court's view, this argument undercuts the policy behind the doctrine of res judicata—"to promote judicial efficiency and final resolution of disputes by preventing needless relitigation."[32] Defendant asks this Court to relitigate the findings of the Fourth Circuit and disrupt the final resolution reached by that court. This Court declines to do so. Accordingly, Defendant has not shown that the exceptional circumstances exception to res judicata applies here. Plaintiff is therefore entitled to summary judgment on the element of his § 1983 claim requiring him to establish that OPDA violated his *Brady* rights to the extent of the findings and conclusions reached by the Fourth Circuit in his Post-Conviction Case.

**B. Motion in Limine**

Plaintiff next moves for an in limine ruling regarding the evidence he intends to introduce in support of his § 1983 failure to train claim against Defendant. To succeed on a failure-to-train § 1983 claim, a plaintiff must show the defendant's deliberate indifference through a pattern or policy of similar constitutional violations.[33] To show OPDA's pattern or policy of similar *Brady* violations, Plaintiff seeks to introduce 44 cases in which federal or state courts have found that the OPDA violated *Brady*. Plaintiff seeks a ruling that (1)

---

[31] Doc. 93.
[32] *Oleszkowicz*, 156 So. 3d at 648.
[33] Connick v. Thompson, 563 U.S. 51, 62 (2011).

OPDA is precluded under the doctrine of collateral estoppel from relitigating certain federal court rulings in which courts found that the OPDA committed *Brady* violations, or in the alternative, that these rulings are admissible as proof of the *Brady* violations, and (2) that certain state court rulings are admissible as proof of the *Brady* violations by OPDA identified therein.

1. **Collateral Estoppel of Federal Court Rulings**

Plaintiff identifies 12 separate federal court rulings in which a federal court has held that the OPDA violated *Brady*. He argues that the OPDA has already litigated these issues and lost and should therefore be barred from relitigating them here under the doctrine of collateral estoppel.[34] "When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law."[35] Plaintiff seeks to use the doctrine of non-mutual, offensive collateral estoppel to "estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff."[36] Application of the doctrine of collateral estoppel is appropriate where four conditions are met:

(i) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action;
(ii) The issue must have been fully and vigorously litigated in the prior action;
(iii) The issue must have been necessary to support the judgment in the prior case; and
(iv) There must be no special circumstance that would render [estoppel] inappropriate or unfair.[37]

---

[34] Plaintiff does not move for collateral estoppel of any of the state court decisions because Louisiana law applies and requires mutuality.
[35] Rabo Agrifinance, Inc. v. Terra XXI, Ltd., 583 F.3d 348, 353 (5th Cir. 2009).
[36] Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979).
[37] Kariuki v. Tarango, 709 F.3d 495, 506 (5th Cir. 2013) (internal quotations omitted).

Plaintiff argues that each of these elements is met here: the identical issue of whether OPDA violated *Brady* rights was litigated in prior cases and is at issue in proving a pattern or policy here, *Brady* issues were vigorously litigated in the prior cases, and OPDA's *Brady* violations constituted the sole basis for the grant of relief in those cases.

Defendant opposes, setting forth two of the arguments already rejected by this Court: (1) that it was not a party to or in privity with a party to the prior actions[38] and (2) that the application of the doctrine of collateral estoppel would be unfair because it does not apply in habeas proceedings.[39] These arguments are again rejected for the reasons discussed above. Defendant also sets forth two additional arguments (1) that nonmutual, offensive collateral estoppel cannot be applied against a governmental entity, and (2) that three of the 12 cases identified by Plaintiff do not actually establish a *Brady* violation. This Court will address each of these arguments in turn.

First, Defendant argues that nonmutual, offensive collateral estoppel should not be applied against it because it is a governmental entity. In *United States v. Mendoza*, the Supreme Court held that nonmutual, offensive collateral estoppel cannot be used against the United States.[40] In so holding, it

---

[38] Each of the defendants in the cases identified by Plaintiff are the wardens of the jails in which the plaintiffs were incarcerated.

[39] Defendant makes the related argument that because the federal decisions identified by Plaintiff are "inconsistent with unvacated state-court decisions on the same issues, nonmutual offensive collateral estoppel is inappropriate." Doc. 94, p.6. Indeed, in *Parklane Hosiery v. Shore*, 439 U.S. 322, 330–31 (1979), the Supreme Court cautioned that collateral estoppel is unfair "if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant." Here, however, the prior state court judgments discussed by Defendant are not valid judgments that this Court could arbitrarily choose to rely on and give estoppel effect, and therefore this argument fails. *See* Hardy v. Johns-Manville Sales Corp., 681 F.2d 334, 346 (5th Cir. 1982).

[40] United States v. Mendoza, 464 U.S. 154, 158 (1984).

noted the different considerations in play in government litigation versus private civil litigation.[41] The Court was concerned that the application of nonmutual collateral estoppel against the United States "would substantially thwart the development of important questions of law by freezing the first final decision rendered on a particular legal issue."[42] It also noted different policy decisions that may be made from one administration to the next in choosing which issues to litigate and which to appeal.[43] Some circuit courts have extended this ruling to apply to state and local governments.[44] Defendant argues that this Court should do so here for the reasons stated in *Mendoza*.

This Court finds, however, that the considerations at issue in *Mendoza* are simply not in play here and therefore finds no compelling reason to extend its holding.[45] The federal court opinions at issue here found *Brady* violations after considering discrete facts applicable only to the petitioners involved in those cases. These courts did not consider widely-applicable questions of law or policy. Further, the Fifth Circuit has not extended the holding in *Mendoza*

---

[41] *Id.*

[42] *Id.*

[43] *Id.* at 573.

[44] Demaree v. Fulton Cty. Sch. Dist., 515 F. App'x 859, 864 (11th Cir. 2013) (holding that nonmutual collateral estoppel could not be used against a school district, an arm of the state, in litigation involving constitutional interpretation and educational policy); Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (holding that "the rationale outlined by the Supreme Court in *Mendoza* for not applying nonmutual collateral estoppel against the government is equally applicable to state governments"); State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 714 (9th Cir. 2005) ("*Mendoza*'s rationale applies with equal force to G & T's attempt to assert nonmutual defensive collateral estoppel against IPC (a state agency).").

[45] *See* State v. United Cook Inlet Drift Ass'n, 895 P.2d 947, 952 (Alaska 1995) (declining to extend *Mendoza* to state government because considerations discussed in *Mendoza* were not applicable).

to state or local governments, and this Court therefore declines the invitation to do so here.[46]

Next, Defendant suggests that three of the 12 cases identified by Plainiff do not establish a *Brady* violation. Defendant argues that in the post-conviction cases of Larry Hudson, Michael Williams, and Ronald Monroe the courts did not determine that the petitioner's *Brady* rights had been violated, and those cases should therefore not be permitted to be used to establish such violations in this matter.

Defendant correctly points out that in considering Larry Hudson's application for post-conviction relief, the Fifth Circuit merely concluded that Hudson's failure to assert his claim earlier was excused because of the suppression of *Brady* evidence and remanded the case to allow the district court to consider the *Brady* claim on the merits. On remand, the parties consented to the grant of habeas relief without a finding by the court. This Court agrees then that the issue of whether the OPDA violated Hudson's *Brady* rights was never actually litigated. Accordingly, the application of the doctrine of collateral estoppel to prevent the relitigation of those issues here is inappropriate.

In the post-conviction case of Michael Williams, Defendant argues that the Findings and Recommendation of the magistrate judge, later adopted by the district judge, fail to make a specific finding or analysis regarding whether OPDA violated Williams's *Brady* rights. Instead, the opinion merely refers to conclusions reached by the Fifth Circuit in the appeal preceding the remand of

---

[46] The Court also notes that the OPDA has stated on several occasions throughout this briefing that it is not an arm of the state.

Williams's case. While true, this Court does not see how the court's incorporation of the Fifth Circuit's earlier findings undercuts the fact that it found that the OPDA had violated Williams's *Brady* rights. Defendant's argument therefore fails.

Finally, Defendant argues that because the violation found in the post-conviction case of Ronald Monroe no longer establishes a *Brady* violation under current law, it cannot be used to show a *Brady* violation in this litigation. In Monroe's case, the court found a post-conviction suppression of evidence that violated the law of *Brady* at that time.[47] The Supreme Court has since held that *Brady* does not apply in the post-conviction context.[48] Even so, Plaintiff argues, the case shows that the OPDA violated *Brady* law as it existed at the time of Monroe's trial, evidencing a pattern or practice of violating *Brady*. This Court agrees, and Defendant's argument therefore fails. Accordingly, Plaintiff has established that, notwithstanding the case of Larry Hudson, Defendant is prohibited by the doctrine of collateral estoppel from relitigating the *Brady* violations found in each of the other federal court rulings identified by Plaintiff.[49]

---

[47] Doc 74-12, p. 13.
[48] *See* Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009).
[49] Those rulings are: Floyd v. Vannoy, No. 11-CV-2819 (E.D. La. May 8, 2017); Smith v. Cain, No. 10-8145 (U.S. Jan. 10, 2012); Triplett v. Cain, No. 04-CV-1434 (E.D. La. Sept. 29, 2011); Mahler v. Kaylo, No. 07-CV-30024 (5th Cir. July 28, 2008); Robinson v. Cain, No. 05-CV-6319 (E.D. La. Aug. 31, 2007); Kyles v. Whitley, No. 93-7927 (U.S. Apr. 19, 1995); Williams v. Butler, No. 88-CV-5718, Finding and Recommendation (E.D. La. Feb. 3, 1992), adopted by Williams v. Butler, No. 88-CV-5718, Order (E.D. La. Mar. 11, 1992); Monroe v. Maggio, No. 83-CV-6277 (E.D. La. Feb. 28, 1984); Clark v. Blackburn, No. 80-CV-3093 (5th Cir. Dec. 10, 1980); Monroe v. Blackburn, No. 78-CV-3191 (5th Cir. Nov. 21, 1979); Davis v. Heyd, No. 72-CV-1512 (5th Cir. May 29, 1973).

## 2. Admissibility of Court Rulings

Plaintiff next asks for a holding that the rulings it has identified in which courts have found that the OPDA violated *Brady* should be admissible at trial as exceptions to hearsay. This Court finds that these rulings may be admissible as exceptions to hearsay under Federal Rule of Civil Procedure 807. In so holding, however, the Court does not make a finding as to their relevance and therefore as to whether they will ultimately be admissible at trial. Those issues are deferred until trial.

Federal Rule of Evidence 807 states that:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Defendant does not dispute that the rulings are evidence of a material fact, however, it argues that the rulings lack the requisite trustworthiness and probative value. The rulings Plaintiff seeks to introduce at trial consist of the findings of fact and law by members of the federal and state judiciary. Judges have every reason to be complete and accurate in their decisions, especially those involving the fates of criminal defendants. Defendant objects that these rulings are not trustworthy because they are not based on the personal knowledge of the judges. This argument, however, overlooks other hearsay exceptions, such as the business record exception, that do not require the

declarant to have personal knowledge.[50] These rulings have at least the same level of trustworthiness as other hearsay exceptions.[51] Further, they are far more probative of Defendant's *Brady* violations than requiring Plaintiff to put on dozens of mini-trials to show each of those violations, especially in light of the time that has passed since many of these violations. The admissibility of these rulings serves judicial efficiency and the interest of justice. Indeed, this is not the first Court to have reached this conclusion.[52] Accordingly, this Court holds that the cases identified by Plaintiff may be admissible under the residual hearsay exception, but their ultimate admissibility at trial is left for another day.[53]

---

[50] Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003) ("[P]ersonal knowledge of all the contents of a business record affidavit is not required.").

[51] United States v. Reed, 908 F.3d 102, 120 (5th Cir. 2018) ("[T]he 'lodestar' of the [residual] exception is whether a hearsay statement has 'equivalent circumstantial guarantees of trustworthiness' relative to other hearsay exceptions.").

[52] *See* Johnson v. Bogalusa City, No. 10-3444, Doc. 187 (E.D. La. 2013) ("Even if [ the factual findings and legal conclusions of a *Brady* violation] were hearsay, 'the statement has equivalent circumstantial guarantees of trustworthiness' to the exceptions in Federal Rules of Evidence 803 and 804 (particularly Rule 803(8)), 'it is offered as evidence of a material fact,' 'it is more probative on the point for which it is offered than any other evidence the proponent can obtain through reasonable efforts,' and 'admitting it will best serve the purposes of [the Federal Rules of Evidence] and the interests of justice.' FED. R. EVID. 807.").

[53] Those rulings are: Hudson v. Whitley, No. 91-CV-3352 (5th Cir. Dec. 10, 1992); State v. Wells, No. 2011-KA-0744 (La. Ct. App. Apr. 13, 2016); Adorns v. Cain, No. 278-951 (Orleans Crim. Dist. Ct. May 12, 2014); State v. Morgan, No. 367-809 (Orleans Crim. Dist. Ct. Jan. 24, 2014); State v. Warner, No. 508-807 (Orleans Crim. Dist. Ct. Aug. 15, 2013); State v. Anderson, No. 472-217 (Orleans Crim. Dist. Ct. Mar. 7, 2010); State v. Duncan, No. 450-320 (Orleans Crim. Dist. Ct. July 29, 2008), adopting State v. Duncan, No. 450-320 (Orleans Crim. Dist. Ct. Aug. 19, 2005); In re: Williams, No. 2007-CA-1380 (La. Ct. App. 2008); Perez v. Cain, No. 04-CV-1905 (E.D. La. Jan. 7, 2008); State v. Lewis, No. 2006-KA-0730 (La. Ct. App. Oct. 18, 2006); State v. Bright, No. 02-KP-2793 (La. May 25, 2004); State v. Lindsey, No. 2002-K-2363 (La. Ct. App. Apr. 2, 2003); State v. Jeanmarie, No. 354-016 (Orleans Crim. Dist. Ct. Apr. 24, 2002); State v. Thompson , No. 2002-K-0361 (La. Ct. App. July 17, 2002); State v. Bright and Truvia, No. 252-514 (Orleans Crim. Dist. Ct. Oct. 1, 2002); State v. Rideau, No. 2001-K-0146 (La. Ct. App. May 7,2001); State v. Lee, No. 2000-K-2429 (La. Ct.

**CONCLUSION**

For the foregoing reasons, the Motions are GRANTED.

New Orleans, Louisiana this 28th day of May, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

App. Jan. 4, 2001); State v. Cousin, No. 96-KA-2973 (La. Apr. 14, 1998); State v. Walker, No. 372-370 (Orleans Crim. Dist. Ct. Aug. 27, 1997); State v. Williams, No. 199-523 (Orleans Crim. Dist. Ct. Feb. 19, 1997); State v. Oliver, No. 94-KA-1642 (La. Ct. App. Oct. 9, 1996); State v. Henderson, No. 95-KA-0267 (La. Ct. App. Apr. 3, 1996); State v. Hunter, No. 93-KA-1681 (La. Ct. App. Dec. 15, 1994); Bernard v. Connick, No. 91-CV-3444 (5th Cir. Jan. 31, 1992); State v. Gibson, No. 203-904 (Orleans Crim. Dist. Ct. Dec. 18, 1992); State v. Knapper, No. 90-KP-1435 (La. May 6, 1991); State v. Washington, No. 88-KA-2066 (La. Ct. App. June 29, 1989); State v. Rosiere, No. 85-K-2215 (La. May 20, 1986); State v. Perkins, No. 81-KA-3120 (La. Nov. 29, 1982); State v. Curtis, No. 66181 (La. May 19, 1980); State v. Falkins, No. 60628 (La. Mar. 6, 1978); State v. Carney, No. 57579 (La. June 21, 1976).