UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT JONES, | : CIVIL ACTION NO. 2:18-CV-0503-JTM-JCW |
| Plaintiff | : SECTION H(2) |
| v. | : JUDGE JANE TRICHE MILAZZO |
| LEON CANNIZZARO, JR., and ABC INSURANCE COMPANIES 1-10, | : MAGISTRATE JOSEPH C. WILKINSON, JR. |
| Defendants. | : **JURY TRIAL DEMANDED** |

### DECLARATION OF ERIN MONJU IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY FROM DEFENDANT LEON CANNIZZARO, JR. AND PLAINTIFF'S MOTION FOR LEAVE TO DEPOSE KYLE DALY

I, ERIN MONJU, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted *pro hac vice* to practice before this Court and am an associate with the law firm of Covington & Burling LLP, counsel to Plaintiff Robert Jones.

2. I respectfully submit this declaration in order to place certain exhibits and other information before the Court in support of Plaintiff's Second Motion to Compel Discovery from Defendant Leon Cannizzaro, Jr. and Plaintiff's Motion for Leave to Depose Kyle Daly.

3. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Second Set of Requests for Production to Leon Cannizzaro, Jr., served on February 13, 2019.

4. Attached as Exhibit 2 is a true and correct copy of Defendant's Responses to Plaintiff's Second Set of Requests for Production, served on March 15, 2019.

5. In mid-July 2019, Mr. Jones's counsel revised Plaintiff's Request for Production No. 36 to seek only the personnel file of Michael Bollman. Despite the fact that Mr. Bollman played an integral role in Mr. Jones's case and has since passed away and is unavailable

for discovery, Mr. Cannizzaro's counsel declined to produce the requested file.

6. Attached as Exhibit 3 is a true and correct copy Michael Bollman's obituary, stating that Mr. Bollman passed away on June 1, 2012.

7. Attached as Exhibit 4 is a true and correct copy of relevant excerpts from the transcript of the February 19, 2019 deposition of Frederick Menner.

8. Attached as Exhibit 5 is a true and correct copy of a relevant excerpt from the trial transcript in *State v. Jones*, No. 356-872 (Orleans Crim. Dist. Ct. Aug. 31, 1994), where Lester Jones was tried for the murder of Julie Stott.

9. Attached as Exhibit 6 is a true and correct copy of a memorandum authored by Frederick Menner on April 4, 1996.

10. Attached as Exhibit 7 is a true and correct copy of relevant excerpts from the transcript of the January 18, 2019 deposition of Roger Jordan.

11. Attached as Exhibit 8 is a true and correct copy of Plaintiff's Third Set of Requests for Production to Leon Cannizzaro, Jr., served on June 19, 2019.

12. Attached as Exhibit 9 is a true and correct copy of an email from Matthew Paul, dated September 26, 2019.

13. Attached as Exhibit 10 is a true and correct copy of an email from Matthew Paul, dated September 20, 2019.

14. Attached as Exhibit 11 is a true and correct copy of Defendant's Responses to Plaintiff's First Set of Requests for Admission, served on July 19, 2019.

15. Attached as Exhibit 12 is a true and correct copy of a relevant excerpt of the docket in *Adams v. City of New Orleans*, No. 15-CV-1543, Docket (E.D. La.).

16. Attached as Exhibit 13 is a true and correct copy of Defendant's Responses to Plaintiff's

Third Set of Requests for Production, served on July 19, 2019.

17. Attached as Exhibit 14 is a true and correct copy of Defendant's First Set of Requests for Production, served on October 26, 2018.

18. Mr. Jones's counsel has expended substantial effort gathering files responsive to Mr. Cannizzaro's Request for Production No. 14, which seeks documents related to cases where Mr. Jones contends OPDA failed to disclose favorable information. These efforts have included hundreds of hours of research identifying, retrieving, and reviewing these documents.

19. Mr. Jones has, to date, produced over 30,000 pages of documents responsive to Mr. Cannizzaro's Request for Production No. 14.

20. Attached as Exhibit 15 is a true and correct copy of relevant excerpts from the transcript of the February 11, 2019 deposition of Harry Connick, Sr.

21. Attached as Exhibit 16 is a true and correct copy of relevant excerpts from the transcript of the February 15, 2019 deposition of Timothy McElroy.

22. Mr. Jones's personal resources are minimal and he has received no compensation from the state for his wrongful imprisonment.

23. Despite alleging that responding to Mr. Jones's Request for Production No. 41 would be a "substantial" burden, Mr. Cannizzaro produced at least 70,000 pages of case files in connection with *Adams v. City of New Orleans*, No. 15-CV-1543 (E.D. La.).

24. Several months ago, Mr. Jones's counsel sought leave from Mr. Cannizzaro to depose Kyle Daly, a current assistant district attorney in OPDA's appeals division, with respect to OPDA's policies, practices, and customs concerning post-conviction *Brady* claims.

25. On June 21, 2019, Mr. Jones supplemented his request to depose assistant district attorney

Kyle Daly by disclosing to OPDA the precise topics on which Mr. Jones sought to depose Mr. Daly—including citing three specific cases on which Mr. Daly has worked that are directly relevant to the number of *Brady* violations committed by OPDA—and offered to limit Mr. Daly's deposition to 2.5 hours. Despite this offer, Mr. Cannizzaro rejected Mr. Jones's request.

26. To date, Mr. Jones has taken 13 depositions in this case. These are:

    - Bridget Bane (Apr. 18, 2019);
    - Raymond Bigelow (Mar. 21, 2019);
    - Camille Buras (Mar. 26, 2019);
    - Leon Cannizzaro, Jr. (Apr. 16, 2019);
    - Debra Coffee (Feb. 8, 2019);
    - Harry Connick, Sr. (Feb. 11 and 13, 2019);
    - Roger Jordan (Jan. 18, 2019);
    - Timothy McElroy (Feb. 15, 2019);
    - Frederick Menner (Feb. 19, 2019);
    - OPDA 30(b)(6) (Apr. 11–12, 2019);
    - T.P. (May 15, 2019);
    - Andrew Pickett (Mar. 29, 2019); and
    - John Rohr (Mar. 22, 2019).

27. Attached as Exhibit 17 is a true and correct copy of relevant excerpts of the transcript of a hearing in *State v. Wells*, No. 480-153 (Orleans Crim. Dist. Ct. Jan. 25, 2019).

28. Attached as Exhibit 18 is a true and correct copy of relevant excerpts of the docket from *State v. Conway*, No. 377-313 (Orleans Crim. Dist. Ct.), with relevant portions highlighted.

29. Attached as Exhibit 19 is a true and correct copy of relevant excerpts of the docket from *State v. East*, No. 375-708 (Orleans Crim. Dist. Ct.), with relevant portions highlighted.

30. Attached as Exhibit 20 is a true and correct copy of a declaration by Paul Barker, signed on August 9, 2019.

31. Mr. Daly's deposition would provide fertile grounds for questioning in part because, on

4

February 5, 2019, Mr. Jones agreed to refrain from asking questions regarding Mr. Cannizzaro's *Brady* policies, practices, and customs during his deposition and OPDA's Rule 30(b)(6) depositions (except insofar as was relevant to Mr. Jones's own case).

32. Attached as Exhibit 21 is a true and correct copy of relevant excerpts from the transcript of the April 18, 2019 deposition of Bridget Bane.

33. Attached as Exhibit 22 is a true and correct copy of relevant excerpts from the transcript of the March 21, 2019 deposition of Raymond Bigelow.

34. Attached as Exhibit 23 is a true and correct copy of relevant excerpts from the transcript of the March 26, 2019 deposition of Camille Buras.

35. Attached as Exhibit 24 is a true and correct copy of relevant excerpts from the transcript of the April 16, 2019 deposition of Leon Cannizzaro, Jr.

36. Attached as Exhibit 25 is a true and correct copy of relevant excerpts from the transcript of the February 8, 2019 deposition of Debra Coffee.

37. Attached as Exhibit 26 is a true and correct copy of relevant excerpts from the transcript of the April 11, 2019 deposition of David Pipes.

38. Attached as Exhibit 27 is a true and correct copy of relevant excerpts from the transcript of the April 12, 2019 deposition of Val Solino.

39. Attached as Exhibit 28 is a true and correct copy of relevant excerpts from the transcript of the May 15, 2019 deposition of T.P.

40. Attached as Exhibit 29 is a true and correct copy of relevant excerpts from the transcript of the March 29, 2019 deposition of Andrew Pickett.

41. Attached as Exhibit 30 is a true and correct copy of relevant excerpts from the transcript of the March 22, 2019 deposition of John Rohr.

42. Attached as Exhibit 31 is a true and correct copy of a memorandum authored by Donna Andrieu, dated November 6, 2015.

43. Attached as Exhibit 32 is a true and correct copy of relevant excerpts of Donna Andrieu's testimony in *State v. Jones*, No. 356-745, Transcript of Motion to Recuse (Orleans Crim. Dist. Ct. Dec. 15, 2015).

44. Attached as Exhibit 33 is a true and correct copy of relevant excerpts of Donna Andrieu's testimony in *State v. Jones*, No. 356-745, Transcript of Evidentiary Hearing (Orleans Crim. Dist. Ct. Jan. 24, 2017).

45. Attached as Exhibit 34 is a true and correct copy of a letter from Erin Monju, dated June 5, 2019.

46. In late June and early July 2019, the parties negotiated and agreed upon a protocol for Mr. Cannizzaro's search for responsive electronically stored information.

47. Attached as Appendix A is a true and correct copy of the redacted version of a page from an Orleans Parish District Attorney's office personnel file. Appendix A has been filed under seal pursuant to the Court's Protective Order, dated January 22, 2019. Doc. No. 63.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 1, 2019 in New York, New York.

/s/ Erin Monju