# Exhibit 34

# COVINGTON

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Erin Monju

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1172
emonju@cov.com

June 5, 2019

**BY EMAIL**

Matthew J. Paul, Esq.
Stanley, Reuter, Ross, Thornton & Alford, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112

Re: *Jones v. Cannizzaro*, No. 18 Civ. 503 (E.D. La.)

Dear Mr. Paul:

I write on behalf of Plaintiff Robert Jones regarding deficiencies in the Orleans Parish District Attorney's Office's ("OPDA") discovery responses. Mr. Jones hereby requests that the parties meet and confer regarding these issues no later than June 7, 2019.

**I.     OPDA's Document Collection and Production Is Inadequate**

Recent testimony has made clear that OPDA's document collection in this case has been inadequate. In his testimony under Federal Rule of Civil Procedure 30(b)(6), David Pipes described an email collection process that failed to meet the diligence standard required by the Federal Rules. *See* Fed. R. Civ. P. 26(g)(1)(A). According to Mr. Pipes, some custodians (such as Mr. Pipes) were permitted to search their own records, using search terms of their own invention. *See* Pipes Dep. 344:15–347:3, Apr. 11, 2019. Mr. Pipes also testified that OPDA's IT staff purportedly collected data from other custodians, using unknown search terms. *Id.* at 347:6–20. Mr. Pipes could not identify whose email communications were searched or any search parameters. *Id.* at 336–48.

Other witnesses confirmed the lack of a reasonably diligent search. In his Rule 30(b)(6) testimony, Val Solino testified that he did not know whether his emails were searched or collected and that he knew nothing about the search for responsive training materials, beyond the fact that Bobby Freeman "sent an email out asking everybody to search and see if they had anything." *See* Solino Dep. 249:13–251:6, Apr. 12, 2019. In addition, Leon Cannizzaro, Jr. testified that the administrative assistant who maintains his official correspondence files was "in all likelihood . . . not interviewed" in connection with OPDA's document collection. *See* Cannizzaro Dep. 17:19–25, Apr. 16, 2019.

In addition to OPDA's evident failure to conduct a reasonably diligent search, discovery has revealed significant gaps in OPDA's identification and production of responsive documents.

COVINGTON

Most glaringly, Mr. Jones's case spans 26 years—including at least 14 years during which OPDA had its own email system. *See* Pipes Dep. 349:23–350:7. Yet, OPDA produced only 14 emails in discovery. It strains credulity that more responsive emails would not be in OPDA's files. In addition, Mr. Pipes described at least one responsive document in his deposition—his notes of a meeting with Fred Menner—that was not produced to Mr. Jones. *See* Pipes Dep. 295:9–296:3. Finally, while OPDA disclaimed any knowledge of relevant insurance policies in its initial disclosures under Federal Rule of Civil Procedure 26, Mr. Solino identified two such policies for the first time in his deposition. *See* Solino Dep. 306:16–308:13. These policies were produced to Mr. Jones nearly ten months after they should have been brought to his attention, by sheer dint of the fact that Mr. Solino was asked about policies that OPDA had previously indicated did not exist. Thus, it is likely OPDA has failed to identify and produce responsive hard copy documents as well.

In order to clarify and remedy deficiencies in OPDA's search for responsive documents, Mr. Jones requests a meet-and-confer regarding the search protocol OPDA has followed to date. Mr. Jones intends to propose additional custodians and/or search terms to address any gaps identified in OPDA's search protocol. Mr. Jones also requests that OPDA produce Mr. Pipes's notes of his meeting with Mr. Menner promptly or provide a legal basis for declining to do so.

## II.     OPDA Did Not Adequately Prepare Its Rule 30(b)(6) Designees

OPDA designated David Pipes and Val Solino as witnesses competent to testify on its behalf pursuant to Rule 30(b)(6), which required OPDA "to make a good-faith effort to designate a knowledgeable representative and to prepare the representative so he can fully, completely, and unevasively answer questions about all of the noticed topics." *Omega Hosp., LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 322 (E.D. La. 2015) (citing *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Serv., Inc.*, No. 08–3945, 2011 WL 2559821, at *2 (E.D. La. June 28, 2011)). "The [witness] should be prepared to speak about matters reasonably available to the corporation, 'whether from documents, past employees, or other sources.'" *Id.* (quoting *Brazos*, 769 F.3d at 433). "When the agent lacks knowledge about relevant facts, the corporation has failed to designate an 'available, knowledgeable, and readily identifiable witness.'" *Id.* (quoting *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)). The failure to provide an adequately prepared Rule 30(b)(6) witness may warrant sanctions. *See Omega Hosp.,* 310 F.R.D. at 322.

OPDA failed to meet its obligation under Rule 30(b)(6). Instead, Mr. Pipes and Mr. Solino were both unprepared to answer straightforward questions squarely within the noticed topics. Specifically, Mr. Pipes and Mr. Solino were unable to respond to questions concerning:

(1)     What information OPDA disclosed to Mr. Jones prior to his 1996 trial;
(2)     Which documents OPDA disclosed to Mr. Jones prior to his 1996 trial;
(3)     The evidence OPDA alleges implicated Mr. Jones in the April 1992 crimes;
(4)     The scope of OPDA's document collection and production;
(5)     The existence of a *Brady* policy at OPDA, if any, prior to 1987;
(6)     The creation, approval, and distribution of OPDA's written *Brady* policies;
(7)     The court-found *Brady* violations by OPDA identified by Mr. Jones in his responses to OPDA's interrogatories;
(8)     What written polices, if any, OPDA had concerning related cases; and

2

**COVINGTON**

(9) Correspondence with Judge Calvin Johnson regarding OPDA's reliance on *in camera* review as a basis for making *Brady* disclosure determinations.

*See, e.g.*, Pipes Dep. 35:2–24, 198:18–199:5, 201:14-21, 203:14–204:3, 209:2–14, 245:2–14, 245:25–246:4, 246:17–247:1, 298:11–20, 300:24–301:4, 336–48; Solino Dep. 20:7–16, 22:18–25, 75:13–17, 77:3–17, 81:1–12, 136:10–137:20, 187:2–14, 265:8–267:22, 276:9–21. Instead, in response to questions on these topics, Mr. Pipes and Mr. Solino claimed they would have to review additional documents to answer the questions or disclaimed having any relevant knowledge. *See, e.g., id.*

OPDA also deprived Mr. Jones of the opportunity to question its Rule 30(b)(6) designees on two additional topics: As noted above, while OPDA initially denied knowledge of any relevant insurance policies, Mr. Solino identified two such policies—for the first time—during his deposition. *See* Solino Dep. 306:16–308:13. Second, while Mr. Jones requested the production from OPDA of statistical reports regarding, *inter alia*, trial dispositions two months before the Rule 30(b)(6) depositions, OPDA did not produce these reports until six weeks after the depositions. OPDA's late disclosure of both the insurance policies and the statistical reports prevented Mr. Jones from adequately questioning the designees on both of these topics during the depositions.

To address these shortcomings, Mr. Jones requests a meet-and-confer regarding additional dates upon which OPDA will produce adequately prepared Rule 30(b)(6) designees to address the foregoing topics.

### III. OPDA Has Not Supplemented Its Initial Disclosures

OPDA has not supplemented its Rule 26 initial disclosures since they were originally served on July 31, 2018. Rule 26(e) requires that parties supplement their initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Mr. Jones requests that OPDA supplement its initial disclosures promptly if it has learned of any additional such information.

\*          \*          \*

Please let us know your availability for a meet-and-confer regarding these issues at your earliest convenience.

Sincerely,

*Erin Monju* (signature)

Erin Monju

**COVINGTON**

cc: W. Raley Alford, III, Esq. (by email)
Richard Stanley, Esq. (by email)
Donna Andrieu, Esq. (by email)
Robert Freeman, Jr., Esq. (by email)
Thomas Barbera, Esq. (by email)