# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-503** |
| **LEON CANNIZZARO ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Partial Motion for Summary Judgment on *Brady* Violations in Charges Resolved by Guilty Plea (Doc. 118). For the following reasons, the Motion is DENIED AS MOOT.

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. After being found guilty at trial in March 1996 of crimes that he did not commit and facing life in prison, Plaintiff pleaded guilty to four additional crimes (the "Guilty Plea Crimes"). Plaintiff's initial conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth Circuit Court of Appeal, and the charges against

1

him were ultimately dismissed. Plaintiff's convictions for the Guilty Plea Crimes were vacated in 2017 based on ineffective assistance of counsel in connection with his guilty pleas.

In the instant Motion, Defendant seeks a partial summary judgment holding that there was no unconstitutional suppression of *Brady* evidence relating to the Guilty Plea Crimes. Defendant correctly points out that it is "settled precedent in this circuit . . . that there [is] no constitutional right to *Brady* material prior to a guilty plea."[1] Plaintiff does not argue otherwise. Instead, Plaintiff points out that he has not claimed that Defendant violated his *Brady* rights with respect to the Guilty Plea Crimes and therefore Defendant's motion should be denied as moot.

In response, Defendant admits that Plaintiff has "not asserted separate, independent claims seeking damages for alleged Brady violations with respect to the Guilty Plea Crimes."[2] Still, it argues that summary judgment is appropriate. Defendant points to statements in Plaintiff's Complaint in which he alleges that the convictions for the Guilty Plea Crimes were a "miscarriage of justice" and that certain information was not disclosed to him prior to those pleas. Defendant also points out that Plaintiff's expert intends to testify that Plaintiff's decision to plead guilty was based on incorrect and false information. Considering this, Defendant contends that:

> Mr. Jones plainly seeks to at least imply to a jury that OPDA wrongfully harmed him by failing to disclose certain information before he pleaded guilty. Accordingly, OPDA is entitled to a ruling making clear that the Constitution does not require disclosure of

---

[1] Alvarez v. City of Brownsville, 904 F.3d 382, 392 (5th Cir. 2018) ("The en banc court will not disturb this circuit's settled precedent and abstains from expanding the Brady right to the pretrial plea bargaining context for Alvarez.").

[2] Doc. 164.

2

favorable information before a guilty plea. That ruling will affect the proceedings in this case as it goes forward toward trial, on issues such as admissibility of expert opinions and the content of jury instructions. Additionally, because causation of Mr. Jones's alleged damages is of course at issue in this case, OPDA is entitled to show that the time Mr. Jones spent in prison pursuant to his guilty pleas is not attributable to any constitutional disclosure violation by OPDA.[3]

Federal Rule of Civil Procedure 56 permits summary judgment to be entered on a claim or part of a claim. Defendant has identified neither. Defendant has only identified evidence and arguments that Plaintiff may seek to admit in support of his single *Brady* claim. Defendant's argument makes clear that its true desire in filing this Motion is to limit the introduction of this evidence. A motion for summary judgment is not the proper vehicle for such relief.[4]

For the foregoing reasons, the Motion is DENIED AS MOOT. Oral argument previously set on this Motion is CANCELED.

New Orleans, Louisiana this 25th day of October, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. 164 (internal citations omitted).
[4] The Court declines Defendant's invitation to construe this Motion as a motion in limine where neither party has briefed the issues under that standard.