UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT JONES                                CIVIL ACTION

VERSUS                                      NO: 18-503

LEON CANNIZZARO ET AL.                      SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant's Partial Motion for Summary Judgment on Post-Conviction Brady Violations (Doc. 118). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth

1

Circuit Court of Appeal, and the charges against him were ultimately dismissed.

Plaintiff's Complaint alleges that from 1992 to 2015 Defendant suppressed favorable evidence that demonstrated Plaintiff's innocence in violation of *Brady*. Plaintiff intends to argue that in addition to the *Brady* violations that took place prior to his conviction, Defendant continued to violate *Brady* by falsely representing that no favorable evidence existed throughout the pendency of his applications for post-conviction relief. Defendant moves for summary judgment holding that there can be no finding of an unconstitutional suppression of *Brady* evidence after Plaintiff's conviction in 1996. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

In *Brady v. Maryland,* the Supreme Court held that due process requires a prosecutor to disclose material exculpatory evidence to the defendant before trial.[9] Defendant argues that the law is clear that *Brady* does not apply in the post-conviction context, and therefore there can be no finding of a *Brady* violation after Plaintiff's 1996 conviction. Defendant seeks a ruling that regardless of whether *Brady* was violated prior to his conviction, Plaintiff

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] 373 U.S. 83 (1963).

cannot, as a matter of law, have suffered any *Brady* violation after his conviction.

In so arguing, Defendant relies on the Supreme Court's decision in *District Attorney's Office for the Third Judicial District v. Osborne*.[10] In *Osborne*, the plaintiff filed a § 1983 action alleging that he had a post-conviction constitutional right to obtain access to evidence used against him at trial in order to perform new DNA testing on that evidence.[11] The Supreme Court held that the rights established under *Brady* do not extend post-conviction and that the proper framework for analyzing plaintiff's claim was whether the state's post-conviction relief procedures violated his substantive due process rights.[12] The Court expressly noted that "nothing in our precedents suggested that [the *Brady*] disclosure obligation continued after the defendant was convicted and the case was closed."[13]

In reliance on *Osborne*, Defendant asks this Court to hold that the duty to disclose *Brady* evidence does not extend past a defendant's conviction. Plaintiff, on the other hand, asks this Court to find that the *Brady* obligation is a continuing one, which requires disclosure of favorable information even after conviction. This Court declines to do either, and instead, holds that the question need not be answered in this case.

Favorable evidence is necessarily discovered either prior to or after a conviction. A defendant has a *Brady* right to favorable evidence in the government's possession prior to conviction. Pursuant to *Osborne*, a defendant

---

[10] Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68 (2009).
[11] *Id.*
[12] *Id.*
[13] *Id.*

4

does not have a *Brady* right to favorable information discovered after his conviction.[14] It is undisputed that the favorable evidence at issue in this case was in the government's possession at the time of trial.[15] Therefore, *Brady* applies and that evidence should have been produced before Plaintiff's conviction. This Court has already held that Defendant violated Plaintiff's *Brady* rights prior to his conviction by failing to produce favorable evidence and that this element of his § 1983 claim was satisfied as to that evidence.[16] Accordingly, the issue of whether a *Brady* duty continued after conviction or whether Defendant continued to violate such a duty need not be answered. Plaintiff's constitutional rights were violated when favorable evidence was not handed over prior to his conviction. The fact that it took 20 years for Defendant to right this wrong is not relevant for purposes of its liability for that constitutional violation. If Plaintiff proves his claim, Defendant is liable for the damages that resulted from that constitutional violation whether its duty to disclose under *Brady* continued beyond Plaintiff's conviction or not. Accordingly, this Court declines to enter the summary judgment requested by Defendant because such is unnecessary here.

The Court further notes that a motion for summary judgment is not the appropriate vehicle for the resolution of this issue. Federal Rule of Civil Procedure 56 permits summary judgment to be entered on a claim or part of a claim. Plaintiff brings a single *Brady* claim. Plaintiff indicates that he will seek

---

[14] *Id.*

[15] *Id.*

[16] *See* Doc. 117 (holding that Plaintiff is "entitled to summary judgment on the element of his § 1983 claim requiring him to establish that OPDA violated his *Brady* rights to the extent of the findings and conclusions reached by the Fourth Circuit in his Post-Conviction Case.").

5

to introduce evidence of Defendant's multi-decade suppression of evidence to argue for an increased damages award and to prove that "OPDA had a longstanding unconstitutional policy of withholding *Brady* and was deliberately indifferent to his *Brady* rights."[17] Accordingly, the events at issue are merely evidence that Plaintiff might use to prove his single *Brady* claim; they are not an independent claim or part of a claim. The issue of the admissibility of this evidence is a question for another day, and this Court makes no finding here.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 4th day of November, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[17] Doc. 155.