UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-503** |
| **LEON CANNIZZARO ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Review of Magistrate Decision (Doc. 183). The Court held oral argument on this Motion on December 12, 2019 and discussed it at a status conference on December 20, 2019. For the following reasons, the Magistrate Decision is REVERSED, and Plaintiff's Second Motion to Compel is GRANTED IN PART.

## BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth Circuit Court of Appeal, and the charges against him were ultimately dismissed.

During discovery, Plaintiff filed a motion to compel the production of certain OPDA case files in which he has identified *Brady* violations or other suppressions of evidence.[1] The Magistrate Judge denied Plaintiff's motion, holding that while the information was potentially relevant, its benefit was outweighed by the burden of its production. Plaintiff now asks this Court to review the Magistrate Judge's decision and argues that it was clearly erroneous and contrary to law. Defendant opposes.

## **LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[2] A magistrate judge is afforded broad discretion in resolving non-dispositive, pre-trial matters.[3] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[4] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[5] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[6]

---

[1] Plaintiff initially requested 56 case files. He then narrowed his request, agreeing that Defendant need not reproduce 22 case files that were already produced in another matter if it stipulated to their authenticity. Defendant so stipulated. Accordingly, there are 34 case files at issue in this motion.

[2] 28 U.S.C. § 636(b)(1)(A).

[3] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).

[4] FED. R. CIV. P. 72(a).

[5] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

[6] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

## LAW AND ANALYSIS

The Magistrate Judge denied Plaintiff's Motion to compel the production of 34 OPDA case files. In his opinion, the Magistrate Judge held that the information already collected by Plaintiff through the public record and discovery produced in other matters is "more than a sufficient basis" upon which to prove his claim.[7] He held that Plaintiff's request for production would be cumulative and duplicative of the information Plaintiff has already obtained.[8] The Magistrate's opinion also stated that additional discovery above what Plaintiff has already received "does not appear important to resolving the issues in the case and provides no likely benefit to resolving the issues that might outweigh the burden of requiring this extensive additional production."[9]

This Court finds the Magistrate Judge's decision to be clearly erroneous and contrary to law for a number of reasons. First, the decision erred in conflating the amount of evidence necessary to prove a claim with the amount of evidence that a party is entitled to in discovery. "Ultimate admissibility is simply not the test for relevancy of material to be discovered."[10] The Magistrate's decision arbitrarily held that the amount of evidence in Plaintiff's possession is "sufficient" to prove his claim. Such a determination is be left to the jury and is not a proper consideration in deciding a discovery request.

Second, the Magistrate Judge's decision erred in stating that the requested production "does not appear important" and "provides no likely benefit." To succeed on a failure-to-train § 1983 claim, a plaintiff must show

---

[7] Doc. 181.
[8] *Id.*
[9] *Id.*
[10] Burns v. Thiokol Chem. Corp., 483 F.2d 300, 304 (5th Cir. 1973).

the defendant's deliberate indifference through a pattern or policy of similar constitutional violations.[11] Therefore, Plaintiff must put forth evidence of other cases in which Defendant committed similar *Brady* violations or suppressed similar favorable evidence. Accordingly, the production requested by Plaintiff goes to a central issue in this case. Defendant cannot argue that Plaintiff has not presented sufficient evidence to establish a pattern while also refusing to give Plaintiff additional case files with which to establish that pattern. This is especially true where Defendant has refused to admit to a single *Brady* violation.

Finally, the Magistrate's decision conclusively stated that the burden of production would outweigh its benefit without an accurate estimate of the actual burden. Indeed, even Defendant had not performed a cursory review of the number of files potentially responsive to Plaintiff's request. Instead, Defendant relied on the number of pages in Plaintiff's case file to estimate that that the requested production would total more than 100,000 pages and hundreds of attorney hours. Following oral argument, this Court ordered Defendant to review the case files and provide a more accurate estimate of the number of pages at issue.[12] Defendant was able to locate files in all but four of the cases and estimated 60,000 pages are at issue—a little more than half of the original estimate.

To be sure, 60,000 pages remains a burdensome request, especially in light of quickly approaching deadlines. Weighing this burden with the clear benefit of the discovery at issue, this Court, in discussion with the parties, was

---

[11] Connick v. Thompson, 563 U.S. 51, 62 (2011).
[12] Doc. 202.

able to reach a compromise. The Court holds that Defendant shall produce in full the case files for any case in which the case file is less than 1,500 pages. For those cases in which the case file exceeds 1,500 pages, Plaintiff shall provide Defendant with requests for specific documents from those files. Defendant shall produce these documents on a rolling production and shall endeavor to complete this production as soon as possible.

## **CONCLUSION**

For the foregoing reasons, the Magistrate's decision denying Plaintiff's discovery request is **REVERSED**, and Plaintiff's Second Motion to Compel is **GRANTED IN PART**.

**IT IS ORDERED** that Defendant shall produce in full the case files for any case in which the case file is less than 1,500 pages.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendant with requests for specific documents from the case files that exceed 1,500 pages.

New Orleans, Louisiana this 20th day of December, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**