# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-503** |
| **LEON CANNIZZARO, JR.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment on Sovereign Immunity (Doc. 223). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth Circuit Court of Appeal, and the charges against him were ultimately dismissed.

1

In the instant motion, Defendant moves for summary judgment, arguing that it is entitled to sovereign immunity from Plaintiff's claims.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## **LAW AND ANALYSIS**

Defendant argues that it is entitled to Eleventh Amendment sovereign immunity and seeks dismissal of the claims against it. Plaintiff argues that (1) binding Fifth Circuit precedent prevents such relief and (2) Defendant has waived its right to assert a sovereign immunity defense. Plaintiff also argues that Defendant's motion is an attempt to delay trial through an interlocutory appeal and asks this Court to certify that such an appeal would be frivolous and dilatory.

In arguing for sovereign immunity, Defendant acknowledges that its position is contrary to the Fifth Circuit's holding in *Hudson v. City of New Orleans*.[9] In *Hudson*, the Fifth Circuit held that the Orleans Parish District Attorney's office is not an arm of the state and is therefore not entitled to sovereign immunity.[10] Defendant's motion suggests that *Hudson* was wrongly decided and asks this Court to find that the OPDA is entitled to sovereign immunity. Surely, Defendant is aware that this Court is bound by Fifth Circuit precedent and cannot provide the relief it seeks. Defendant's motion is denied,

---

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[9] Hudson v. City of New Orleans, 174 F.3d 677 (5th Cir. 1999).
[10] *Id.* at 691.

and the Court therefore need not address Plaintiff's argument of waiver. In addition, Defendant has represented to this Court that it does not intend to seek an interlocutory appeal of this Order. Accordingly, the Court need not consider whether such an appeal would be frivolous or dilatory.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 3rd day of March, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**