UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-503** |
| **LEON CANNIZZARO ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Reconsideration (Doc. 216). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth

1

Circuit Court of Appeal (the "Post-Conviction Case").[1] The charges against him were ultimately dismissed.

In a prior motion, Plaintiff moved for summary judgment on the portion of his § 1983 claim that requires him to establish that the Defendant violated his *Brady* rights. This Court granted Plaintiff's motion and held that the doctrine of res judicata applies to preclude relitigation of the *Brady* violations found by the Fourth Circuit in the Post-Conviction Case. Defendant now moves for reconsideration of that holding.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[2] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[3]

---

[1] *See* Jones v. Cain, 151 So. 3d 781, 802 (La. App. 4 Cir. 2014).
[2] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[3] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011)).

## LAW AND ANALYSIS

On May 28, 2019, this Court held that Plaintiff had carried his burden to show that res judicata applies to preclude relitigation of the *Brady* violations found by the Fourth Circuit in his Post-Conviction Case.[4] In so holding, this Court refused to find that exceptional circumstances should preclude the application of res judicata.[5] Specifically, the Court rejected Defendant's argument that exceptional circumstances were present because "there is reason to doubt the quality and extensiveness of the procedures followed" in the Post-Conviction Case.[6] The Court held that Defendant was asking this Court to relitigate issues already decided by the Fourth Circuit and that its "argument undercuts the policy behind the doctrine of res judicata—'to promote judicial efficiency and final resolution of disputes by preventing needless relitigation.'"[7] Defendant now asks this Court to reconsider this holding pursuant to Federal Rule of Civil Procedure 54(b).

Louisiana Revised Statutes § 13:4232 states that "[a] judgment does not bar another action by the plaintiff [w]hen exceptional circumstances justify relief from the res judicata effect of the judgment." The Louisiana Supreme Court has stated that "[t]he 'exceptional circumstances' exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties."[8] "[S]uch relief should be

---

[4] Doc. 117.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Oleszkowicz v. Exxon Mobil Corp., 156 So. 3d 645, 648 (La. 2014).

granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated."[9]

Defendant argues that there are exceptional circumstances in this case that render the application of res judicata inappropriate. Specifically, Defendant argues that discovery in this matter has revealed that the Fourth Circuit's findings were "demonstrably false." The Fourth Circuit found that:

> [OPDA's] failure to produce evidence of: (1) the age estimate of the perpetrator; (2) the lack of any mention of gold teeth by the victims on the night of the robberies/kidnapping/rape; (3) the perpetrator's statement that he was taking [the rape victim] to his "neck of the woods;" and (4) Lester's crime spree and the police belief that Lester committed all of the crimes, added together, violated *Brady* in that all of this evidence was material, and its omission undermined confidence in the jury's verdict.[10]

Defendant argues that these findings are inaccurate. Defendant contends that (1) a description of the perpetrator was actually provided to Plaintiff and that he had, in fact, failed to attach the full report provided to him to his application for post-conviction relief; (2) discovery in this case revealed that Robert Jones was from the Desire housing project where the rape occurred and spent a lot of time there; and (3) there is no support for the court's finding that crime spree evidence was not disclosed. It argues then that the Fourth Circuit's holding that the OPDA committed *Brady* violations was erroneous, and it asks that this Court to exercise its discretion to find that res judicata does not apply.

---

[9] LA. REV. STAT. § 13:4232 cmt.
[10] *Jones*, 151 So. 3d at 802.

Defendant does not, however, cite to any case or law suggesting that an opinion that is "demonstrably false" does not deserve the application of res judicata. Likewise, Defendant does not cite to any case or law suggesting that an error in a court's opinion is an exceptional circumstance for which res judicata need not apply. Indeed, there is nothing exceptional about not agreeing with a court's opinion. It is well settled that "[t]he question whether [a] judgment on the merits was correct . . . does not enter into [the] inquiry on the subject of res judicata, for even an incorrect judgment is entitled to res judicata effect."[11] "The indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert."[12] Accordingly, this argument does not persuade this Court to reconsider its prior holding.

Defendant next argues that res judicata should not apply in this case because its application would not prevent litigation or promote efficiency. That

---

[11] Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 500 (5th Cir. 2004) ("As a learned treatise puts it, '[r]es judicata applies even if the next court to visit the dispute believes that the second court's res judicata ruling was wrong.'" 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE 2D § 4404 (2d ed. 2002)); *see e.g.,* City of Arlington, Tex. v. F.C.C., 569 U.S. 290, 297 (2013) ("A court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect."); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398–99, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d 103 (1981) ("[A]n erroneous conclusion reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of res judicata.... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." (internal quotations omitted)); Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 466 (5th Cir. 2013) ("This principle that controversies once decided shall remain in repose, known as res judicata, does not depend upon whether or not the prior judgment was right." (internal quotation omitted)).

[12] Reed v. Allen, 286 U.S. 191, 201 (1932).

5

is, even if Plaintiff need not relitigate whether his *Brady* rights were violated, he will still need to introduce the same evidence to prove the causation element of his § 1983 claim. It argues therefore that the application of res judicata will create "inefficiency, confusion, and additional litigation about collateral issues."[13] Even so, Defendant still fails to show that this is an exceptional circumstance. There is nothing exceptional about a circumstance where res judicata satisfies one element of a claim and similar evidence must be introduced to prove another. Further, Defendant's arguments continue to ignore the policy behind the doctrine of res judicata—"'that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'"[14] With these policies in mind, the doctrine of res judicata applies to preclude relitigation of the *Brady* violations found by the Fourth Circuit in the Post-Conviction Case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is DENIED.

New Orleans, Louisiana this 26th day of August, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[13] Doc. 216.
[14] Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 574 (5th Cir. 2005) (quoting Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981)).