## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT JONES**                                     **CIVIL ACTION**

**VERSUS**                                               **NO: 18-503**

**LEON CANNIZZARO, JR.**                      **SECTION "H"**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion in Limine and Partial Motion for Summary Judgment on Defendant's Fifth Affirmative Defense (Doc. 225). For the following reasons, the Motion is **GRANTED IN PART**.

### BACKGROUND

Plaintiff Robert Jones brings claims against Orleans Parish District Attorney Leon A. Cannizzaro, Jr. ("OPDA") in his official capacity under 42 U.S.C. § 1983 for damages caused by Jones's wrongful conviction and 23-year incarceration on charges connected to a crime spree. Plaintiff's conviction was vacated for *Brady* violations on October 8, 2014 by the Louisiana Fourth Circuit Court of Appeal, and the charges against him were ultimately dismissed.

1

In the instant motion, Plaintiff moves for an order precluding Defendant from introducing evidence or argument regarding (1) the alleged ineffective assistance of Plaintiff's trial counsel or (2) the conduct of prison officials or inmates as a defense to damages. Plaintiff also seeks dismissal of Defendant's Fifth Affirmative Defense, which asserts the ineffective assistance of counsel and the conduct of prison officials and inmates as a defense. Defendant opposes.

## LEGAL STANDARD

### A. Motion in Limine

"The essential prerequisite of admissibility is relevance."[1] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action."[2] Whether a fact is of consequence is a question governed by the substantive law applicable to the case.[3] "A district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury.'"[4] Because Rule 403 "is an extraordinary measure [that] permits a trial court to exclude concededly probative evidence . . . it should be used sparingly."[5]

---

[1] United States v. Hall, 653 F.3d 1002, 1005 (5th Cir. 1981).

[2] FED. R. EVID. 401.

[3] *Hall*, 653 F.2d at 1005.

[4] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 882 (5th Cir. 2013) (alterations in original) (quoting Fed.R.Evid. 403).

[5] Shepherd v. Dall. Cnty., 591 F.3d 445, 456–57 (5th Cir. 2009) (first alteration in original) (internal quotation marks and citation omitted).

**B. Motion for Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[8]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[9]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[10]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[11] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[6] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).

[7] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[8] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[9] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[10] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[11] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[12]   Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[13]

## LAW AND ANALYSIS

Plaintiff argues that Defendant should be prevented from introducing evidence regarding the ineffective assistance of his trial counsel, Curklin Atkins, for three reasons: (1) the doctrine of judicial estoppel should preclude Defendant from arguing that trial counsel was ineffective where it has previously successfully argued that he was effective, (2) trial counsel's performance cannot be a defense as a matter of law to Defendant's liability, and (3) trial counsel's performance is irrelevant to the issue of damages. Likewise, Plaintiff argues that the conduct of prison officials and inmates is irrelevant to the issue of damages. This Court will consider each argument in turn.

### A. Judicial Estoppel

Plaintiff argues that for years Defendant opposed Plaintiff's applications for post-conviction relief arguing that Plaintiff's trial counsel was effective. Plaintiff argues that pursuant to the doctrine of judicial estoppel it cannot now reverse course and argue the opposite. "'The doctrine of judicial estoppel is equitable in nature and can be invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding.'"[14] "In this way, the doctrine 'protect[s] the

---

[12] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[13] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[14] Fornesa v. Fifth Third Mortg. Co., 897 F.3d 624, 627 (5th Cir. 2018) (quoting Love v. Tyson Foods, Inc., 677 F.3d 258, 261 (5th Cir. 2012)).

integrity of the judicial process.'"[15] Judicial estoppel has three elements: (1) the party against whom estoppel is sought has asserted a position plainly inconsistent with a prior position, (2) a court accepted the prior position, and (3) the party did not act inadvertently.[16]

In his applications for post-conviction relief, Plaintiff argued that his trial counsel had been ineffective for a number of reasons. Plaintiff had the burden under *Strickland v. Washington* to show that his counsel's representation "fell below an objective standard of reasonableness and that he was prejudiced as a result."[17] "When evaluating the first *Strickland* criterion, [the Court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[18] Defendant opposed Plaintiff's ineffective assistance of counsel claims, arguing that he could not make the required showing. Defendant argues that it did not, however, take the position that Atkins was effective in every respect. Rather, it argued that Plaintiff's arguments failed to show that he had been constitutionally ineffective or that his errors prejudiced Plaintiff's trial. Specifically, Defendant argued that Plaintiff's claims failed because Atkins had presented a clear theory that Plaintiff was misidentified and that Lester Jones was the true perpetrator.

Here, Defendant sets forth arguments that Atkins "breached the professional standard of care in certain specific ways that are relevant to the

---

[15] *Id.* (quoting Allen v. C & H Distribs., LLC, 813 F.3d 566, 572 (5th Cir. 2015)).

[16] *Id.* at 628 (citing *Allen*, 813 F.3d at 572).

[17] Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting Strickland, 466 U.S. at 688) (emphasis added).

[18] United States v. Fields, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

causation element" of Plaintiff's § 1983 claim. Specifically, Defendant's expert, Frank DeSalvo, opines that Atkins was ineffective in (1) failing to use the victims' initial descriptions of the perpetrator to impeach the victims' testimonies at trial, and (2) failing to further investigate an alternate suspect, Lester Jones, by obtaining certain incident reports in the public record and attending hearings and trials in Lester Jones's cases.[19] Defendant argues that it has not taken any "clearly inconsistent" positions in prior litigation or that its prior positions were never accepted by another court.

While Defendant's positions do seem paradoxical, Plaintiff has not shown that the application of judicial estoppel is warranted. Plaintiff seems to take the broad position that Defendant cannot argue that Plaintiff's trial counsel was effective in one proceeding and ineffective in another. However, these positions are not necessarily inconsistent. Defendant could conceivably take the position that Atkins's performance was effective in some ways and ineffective in others. In order for this Court to invoke the narrow doctrine of judicial estoppel, Plaintiff must show that it is warranted as to each position that Defendant seeks to take.

First, Defendant's expert takes the position that he "cannot think of any legitimate strategic reason why Mr. Atkins would have knowingly chose not to use the incident reports to argue a defense based on Robert Jones's age and gold teeth."[20] In its brief to the Fourth Circuit, however, Defendant took the inconsistent position that it was trial strategy not to impeach the victims on their earlier descriptions of the perpetrator's age.[21] However, no court accepted

---

[19] Doc. 225-5.
[20] Doc. 225-5 at 4.
[21] Doc. 225-10 at 48.

6

this argument.[22] The Fourth Circuit, despite finding that it could not overturn the trial court's holding that counsel had not been ineffective, expressly found "it difficult to explain or understand why it would be trial strategy not to use [the age estimate the victims gave for the perpetrator] to impeach the identifications made" by the victims and that it was erroneous and prejudicial not to do so.[23]

As to DeSalvo's second opinion on Atkins's ineffective assistance, this Court finds that Defendant has not taken a clearly inconsistent position. DeSalvo's report finds that Atkins's investigation into Lester Jones fell below the standard of care.[24] He opines that a reasonably competent defense counsel would have obtained incident reports for the crimes of which Lester Jones was charged and attended the hearings and trial held in his cases. He also lists the information that would have been gleaned from a more thorough investigation.[25] He concludes that Atkins could have obtained most of the information contained in the suppressed documents "with minimal effort."[26] However, he then opines that presentation of a theory at Plaintiff's trial that Lester Jones committed the crimes for which Plaintiff was charged as part of a crime spree would have "been a strategic blunder that would not have helped his defense."[27] He explains that Plaintiff introduced direct evidence pointing to

---

[22] It does not appear that this argument was made to the trial court. Although the trial court found that Atkins had not been constitutionally ineffective, it did not address his failure to use the evidence of the victims' earlier description of the perpetrator. Doc. 282-2 at 6.

[23] Jones v. Cain, 151 So. 3d 781, 806 (La. App. 4 Cir. 2014).

[24] Doc. 225-5 at 6.

[25] *Id.* at 11.

[26] *Id.* at 6.

[27] *Id.* at 11.

7

Lester Jones as the true perpetrator and an elaborate crime spree theory would "confuse and complicate his otherwise clear defense shifting blame to Lester Jones."[28]

In opposition to Plaintiff's post-conviction relief, Defendant took the position, which the trial court accepted, that a more thorough investigation into Lester Jones would not have gleaned any material, exculpating evidence.[29] That is, that evidence of Lester Jones's involvement in "the unrelated contemporaneous crime spree" would not have had an exculpating effect on Jones's guilt in the crimes for which he was charged.[30]

In summary, DeSalvo's opinion supports Defendant's argument that the suppression of evidence did not cause Plaintiff's conviction because (1) his counsel could have found the same information by performing a more thorough investigation and (2) the introduction of that evidence at trial would not have helped Plaintiff's defense. Previously, Defendant argued that a more thorough investigation would not have yielded material or exculpatory evidence. Accordingly, Defendant's position remains that a more thorough investigation into Lester Jones would not have altered the outcome of Plaintiff's trial. These positions are not clearly inconsistent, and the application of judicial estoppel is inappropriate.

### B. Defense to Liability

Plaintiff next argues that evidence and argument that Atkins was ineffective should be excluded because trial counsel's performance cannot as a matter of law be a defense to Defendant's liability. The parties agree that for

---

[28] *Id.* at 12.
[29] Doc. 225-7 at 17.
[30] *Id.*

Plaintiff to succeed on his § 1983 claim, he need only prove that Defendant's *Brady* violations were a cause in fact and proximate cause of his conviction and resulting injuries. That is, they need not be the sole cause. Plaintiff argues then that even assuming that Atkins was ineffective, "the mere fact that his conduct may have *also* caused Mr. Jones injury would be insufficient to relieve Mr. Cannizzaro of liability."[31] This Court agrees. If Plaintiff carries his burden to show that he would not have been convicted but for the *Brady* violations committed by Defendant, the fact that his counsel was ineffective is irrelevant.

Defendant argues, however, that it should be allowed to show that Atkins's deficient trial performance was an independent, superseding cause of Plaintiff's conviction. The Fifth Circuit has held that:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of his negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.[32]

Plaintiff argues that Defendant's ineffective assistance of counsel arguments cannot be a superseding cause of his conviction for any one of these three reasons. This Court agrees. It is hardly highly extraordinary that an attorney deprived of favorable information might perform deficiently. Indeed, much of

---

[31] Doc. 225-2 at 17.
[32] Becker v. Tidewater, Inc., 586 F.3d 358, 372 (5th Cir. 2009).

9

the suppressed evidence supported the theory that Lester Jones committed the crimes—a theory that Atkins might have pursued more diligently had he been apprised of this additional evidence.[33] His failure to diligently investigate Lester Jones was a normal consequence of the withholding of evidence suggesting that Lester Jones was the perpetrator.[34] In addition, Atkins might have put more weight on the victims' initial descriptions of the perpetrator had he been provided with the multiple documents memorializing those descriptions.[35] Accordingly, Defendant cannot as a matter of law show that Atkins's ineffective assistance was a superseding cause of his conviction. Evidence that Atkins was ineffective is therefore irrelevant and shall be excluded from trial.

This is not to say, however, that all evidence regarding Atkins's representation is inadmissible. Certainly, testimony regarding how Atkins might have used the withheld evidence if it had been disclosed is relevant to the question of causation.

## C. Defense to Damages

Finally, Plaintiff seeks dismissal of Defendant's Fifth Affirmative Defense, which states that:

---

[33] The Fourth Circuit found that Defendant suppressed evidence of Lester Jones's contemporaneous crime spree and the fact that the police believed that Lester had committed all of the crimes. *Jones*, 151 So. 3d at 801.

[34] *See* Nnodimele v. Derienzo, 2016 WL 3561708, at *12 (E.D.N.Y. June 27, 2016) ("It is reasonably foreseeable that fabricating and withholding evidence of the type at issue in this litigation could set in motion [the alleged ineffectiveness of plaintiff's counsel]. Those matters are not new and independent forces; instead, they are probable consequences.").

[35] DeSalvo assumes that Atkins had access to incident reports that contained the initial descriptions by all three victims. Doc. 225-5. The Fourth Circuit held that Defendant withheld a supplemental report containing T.P.'s initial description, a detective's handwritten notes containing T.P.'s initial description, and the 911 call containing L.J. and H.T.'s description. *Jones*, 151 So. 3d at 795.

Mr. Jones's alleged damages, if any, were caused, either in whole or in part, by the errors, acts, omissions, negligence, or fault of third parties for whom Mr. Cannizzaro is not responsible. For example, Mr. Jones himself has argued in his 2010 application for post-conviction relief that he "was convicted in large part because he did not receive anything close to the effective assistance of counsel guaranteed by the Sixth Amendment." Thus, Mr. Jones's alleged damages were caused by the "incompetent performance" of his trial counsel, Curklin Atkins. Additionally, on information and belief, the "numerous injuries and extraordinary damage" that Mr. Jones allegedly suffered while incarcerated were caused by third parties, such as prison officials or fellow inmates, for whom Mr. Cannizzaro is not responsible.

Plaintiff argues that Defendant should be prevented from introducing evidence of the conduct of his counsel or prison guards as a defense to the quantum of damages because the doctrine of comparative fault does not apply under § 1983. Defendant agrees that comparative fault does not apply here and states that it has no intention of introducing the acts of third parties as a defense to damages. Rather, Defendant intends to introduce such evidence as a defense to causation. This Court has already ruled that Defendant cannot introduce evidence of ineffective assistance of counsel as a defense to causation, and this defense is dismissed. The parties have not, however, provided any specific arguments regarding the introduction of acts by "prison officials or fellow inmates" as a defense to causation, and therefore this Court declines to offer an opinion on the admissibility thereof.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**. Evidence of ineffective assistance of counsel shall be excluded from trial, and

Defendant's affirmative defense to causation of ineffective assistance of counsel is **DISMISSED**.

New Orleans, Louisiana this 21st day of January, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**